JEANNE H. RAYPHAND
Box 502020
Saipan, MP 96950
    Telephone Nos.:  (670) 287-9807
    E-Mail:       jeanneesq@yahoo.com

Attorney for Plaintiff

F I L E D
Clerk
District Court

JAN 2 7 2014

for the Northern Mariana Islands
By_____
(Deputy Clerk)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOHN H. DAVIS, JR., ] <br><br> Plaintiff, ] <br><br> vs. ] <br><br> COMMONWEALTH ELECTION ] <br> COMMISSION; FRANCES M. SABLAN, ] <br> Chairperson of Commonwealth Election ] <br> Commission; ROBERT A. GUERRERO, ] <br> Executive Director of Commonwealth ] <br> Election Commission; ELOY INOS, ] <br> Governor of the Commonwealth of the ] <br> Northern Mariana Islands, ] <br><br> Defendants. ] | CIVIL ACTION NO. CV 14-0002 <br><br><br><br> COMPLAINT FOR <br> DECLARATORY JUDGMENT AND <br> INJUNCTIVE RELIEF |

Plaintiff alleges as follows:

## INTRODUCTION

1. This action is for an injunction and declaratory judgment enjoining defendants from denying United States citizens who are not of Northern Marianas descent the right to vote on any amendment to the Commonwealth Constitution or on any other issue and declaring Article XVIII

1

§ 5( c) of the Commonwealth Constitution and Public Law 17-40 to be null and void in violation

of the Fourteenth and Fifteenth Amendments of the United States Constitution, 42 U.S.C. §

1971(a)(l), and 42 U.S.C. § 1983.  Plaintiff also seeks relief as a taxpayer to enjoin the

expenditure of public moneys for the administering and enforcing of Article XVIII § 5( c) of the

Commonwealth Constitution and Public Law 17-40.

## JURISDICTION

2.  This Court has jurisdiction over this matter pursuant to Article IV § 402(a) of the

Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with

the United States of America, PL 94-24, 90 Stat. 263 (Mar. 24, 1976); 28 U.S.C. § 1331 (federal

question), 28 U.S.C. § 1343(a) (civil rights & elective franchise), 28 U.S.C.§ 2201 (declaratory

judgment); and 42 U.S.C. § 1971(d) (voting rights).

## PARTIES

3.  Plaintiff John H. Davis, Jr., is a United States citizen, resident, taxpayer, and

registered voter in the Commonwealth of the Northern Marianas Islands and is not a person of

Northern Marianas descent.

4.  Defendant Commonwealth Election Commission has the duty "[t]o administer all

general, primary, local, and special elections, including questions pertaining to initiatives,

referenda and recalls in the Commonwealth," 1 CMC § 6105(b), and "[t]o . . . provide a complete

list of registered voters in each election district," 1 CMC § 6105(d), and "[t]o promulgate rules,

regulations, and instructions necessary to conduct and administer elections, including questions

2

pertaining to . . . voter registration," 1 CMC § 6105(e).

5. Defendant Francis M. Sablan is the Chairperson of the Commonwealth Election Commission.

6. Defendant Robert A. Guerrero is the Executive Director of the Commonwealth Election Commission and is responsible for supervising all Commonwealth elections and is "in full charge and control of the employees, operation and activities of the Commission." 1 CMC 6109(a).

7. Defendant Eloy Inos, Governor of the Commonwealth of the Northern Mariana Islands, is vested with the executive power of the Commonwealth and is "responsible for the faithful execution of the laws." Commonwealth Const. art. III § 1.

8. Each individual defendant is sued only in his or her official capacity.

9. Relief is sought against each defendant as well as his or her agents, assistants, successors, employees, attorneys, and all persons acting in concert or cooperation with them or at their direction or under their control.

10. Each and all of the acts of defendants alleged herein were done by defendants, and each of them, under color of state law.

## FACTS

### Voter Eligibility

11. The Commonwealth Constitution establishes the qualifications of persons eligible to vote as follows:

> [a] person is eligible to vote who, on the date of the election, is eighteen
>
> years of age or older, is domiciled in the Commonwealth, is a resident of

the Commonwealth and has resided in the Commonwealth for a period of

time provided by law, is not serving a sentence for a felony, has not been

found by a court to be of unsound mind, and is either a citizen or national

of the United States.  The legislature may require that persons eligible to

vote be citizens of the United States.

Commonwealth Const. art. VII § 1.

12    The Legislature, pursuant to Article VII § 1 of the Commonwealth Constitution,

enacted law, i.e., 1 CMC § 6201, setting forth the requirements for a person's eligibility to vote

consistent with Article VII § 1.

13.  Plaintiff is eligible to vote pursuant to Article VII § 1 of the Commonwealth

Constitution and 1 CMC § 6201.

### Article XVIII § 5( c) of the Commonwealth Constitution

14. In 1999, Article XVIII § 5 ( c) was added to the Commonwealth Constitution by

Senate Legislative Initiative 11-1 (1999).  A copy of Senate Legislative Initiative 11-1 is attached

hereto as Exhibit A and incorporated by reference as if set out in full herein.

15.  Article XVIII § 5 ( c) states that "[i]n the case of a proposed amendment to Article

XII of this Constitution, the word 'voters' as used in subsection 5(a) above shall be limited to

eligible voters under Article VII who are also persons of Northern Marianas descent as described

in Article XII, Section 4, and the term 'votes cast' as used in subsection 5(b) shall mean the votes

cast by such voters."

16.  As defined in Article XII § 4 of the Commonwealth Constitution, a person of

Northern Marianas descent is a person

4

who is a citizen or national of the United States and who is at least one-

quarter Northern Marianas Chamorro or Northern Marianas Carolinian

blood or a combination thereof or an adopted child of a person of Northern

Marianas descent if adopted under the age of eighteen years. For purpose

of determining Northern Marianas descent, a person shall be considered to

be a full-blooded Northern Marianas Chamorro or Northern Marianas

Carolinian if that person was born or domiciled in the Northern Mariana

Islands by 1950 and was a citizen of the Trust Territory of the Pacific

Islands before the termination of the Trusteeship with respect to the

Commonwealth.

17.  Article XVIII § 5( c) of the Commonwealth Constitution uses "Northern Marianas

Chamorro and Northern Marianas Carolinian" and ancestry as a racial definition and for a racial

purpose.

18.  The Article XVIII § 5( c)  restriction imposes a race-based voting qualification

19.  Article XVIII § 5( c) is not rationally related to a legitimate government purpose.

20.  Article XVIII § 5( c) serves no compelling state interest.

## Public Law 17-40

21.  On or about April 21, 2011, Public Law 17-40 was signed into law.  A copy of Public

Law 17-40 is attached hereto as Exhibit B and incorporated by reference as if set out in full

herein.

22.  The Legislature intended that "only" persons of Northern Marianas descent, i.e.,

persons of Northern Marianas Chamorro and Carolinian descent, be allowed to vote on any

5

constitutional amendment affecting the protection against alienation of lands.    Public Law 17-40 § 1;  *see also* Public Law 17-40 § 2 ( c)(1) ("official registry of persons of Northern Marianas descent in any and all elections . . . that requires only persons of Northern Marianas descent to vote in any election pursuant to the said article XVIII § 5 of the Northern Mariana Islands Constitution . . . .").

23.   As a part of the scheme to deny United States citizens who are not Chamorro or Carolinian the right to vote, the Legislature established "a Northern Marianas Descent Registry," Public Law 17-40 § 2, and further provided that the Election Commission may require a "copy of the original birth record showing the natural parents or ancestors of the person registering" and further that "[s]uch birth record shall identify the nationality and race of the parents, i.e., NMD Chamorro or Carolinian or part NMD, etc.," Public Law 17-40 § 2( c)(5).

24.   The purpose of Public Law 17-40 is the "establishment and control of the registry of persons of Northern Marianas descent within the Office of the Commonwealth Election Commission," Public Law 17-40 § 1, and specifically to insure that "'only' persons of Northern Marianas [Chamorro and Carolinian] descent can vote on Constitutional amendments affecting the protection against alienation of lands," Public Law 17-40 § 1, and "to be used in any and all elections . . . that require only persons of Norther Marianas descent to vote in such election pursuant to Article XVIII § 5 of the Northern Marianas Constitution." Public Law 17-40 § 2( c)(1).

25.   The Commonwealth Legislature, in enacting Public Law 17-40, used ancestry as a racial definition and for a racial purpose.

26.   The Legislature, in enacting Public Law 17-40, established a race-based registry for

6

the purpose of disenfranchising United States citizens who are not of Chamorro or Carolinian descent.

27. Public Law 17-40 is not rationally related to a legitimate government purpose.

28. Public Law 17-40 serves no compelling state interest.

### Section 805 of Covenant

29. Section 805 of the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America, 48 U.S.C. § 1801, [hereinafter "Covenant"] provides that "the Government of the Northern Mariana Islands, in view of the importance of the ownership of land for the culture and traditions of the people of the Northern Mariana Islands, and in order to protect them against exploitation and to promote their economic advancement and self-sufficiency:

> (a) will until twenty-five years after the termination of the Trusteeship
> Agreement, and may thereafter, regulate the alienation of permanent and
> long-term interests in real property so as to restrict the acquisition of such
> interests to persons of Northern Mariana Islands descent . . . ."

### Denial of Right to Vote

30. Article XVIII § 5( c) and Public Law 17-40 deny plaintiff the right to vote on any proposed amendment to the Commonwealth Constitution regarding the regulation of the alienation of permanent and long-term interests in real property and Article XII of the Commonwealth Constitution.

31. A proposed amendment to the Commonwealth Constitution regarding Article XII of the Commonwealth Constitution will be decided in the November 2014 election or sooner if a

special election is scheduled prior to November 2014.

32.    Legislative Initiative 18-1 to amend Article XII Section 4 of the Commonwealth Constitution was finally passed on September 6, 2013.  A copy of Legislative Initiative 18-1 is attached hereto as Exhibit C and incorporated herein by references as if set out in full.

33.  Legislative Initiative 18-1 is set to be on the ballot in the upcoming general election in November 2014.

34.  The defendants are seriously intent on enforcing Article XVIII § 5( c) and Public Law 17-40 and denying plaintiff and other United States citizens not of Northern Marianas descent the right to vote as shown by the regulations they have promulgated and the ongoing processing of voter registration for persons of Northern Marianas descent.  *See* Exhibits D & E.

35.  Defendants have issued final regulations pursuant to Public Law 17-40. Commonwealth Register, Vol. 33, No. 09, pp. 031918 et seq. (Sept. 26, 2011; Commonwealth Register, Vol. 33, No. 11, pp. 032090 et seq. (Nov. 29, 2011), copies of which are attached hereto as Exhibit D and incorporated by reference as if set out in full herein.

36.  Defendants have established a registration system for persons of Northern Marianas descent.  *See* Commonwealth Register, Vol. 33, No. 09, pp. 031918 et seq. (Sept. 26, 2011); Commonwealth Register, Vol. 33, No. 11, pp. 032090 et seq. (Nov. 29, 2011).

37.  Based on Article XVIII § 5( c), Public Law 17-40, and the regulations promulgated thereunder and based on the actions of the defendants in processing the registration of persons of Northern Marianas descent, there is a credible threat that plaintiff is being and will continue to be denied the right to vote on public issues, i.e., an amendment of the Commonwealth Constitution, because he is not of Northern Marianas descent.

38. By the time Legislative Initiative 18-1 or any other proposed amendment to the Commonwealth Constitution is submitted to the Election Commission, i.e., not more than 120 days and not less than 90 days before the election, it will be too late to halt the denial of plaintiff's right to vote.

**Irreparable Injury**

39. The denial of plaintiff's right to vote will result in irreparable injury.

40. The denial of plaintiff's right to vote is a deprivation of plaintiff's civil rights.

41. Plaintiff has no adequate remedy at law and is therefore entitled to injunctive relief.

**FIRST CLAIM FOR RELIEF**

**ARTICLE XVIII § 5( c)
OF THE COMMONWEALTH CONSTITUTION
VIOLATES THE FIFTEENTH AMENDMENT
OF THE UNITED STATES CONSTITUTION**

42. Plaintiff re-alleges paragraphs 1 through 41 as if fully set forth herein.

43. The Fifteenth Amendment of the United States Constitution states that "[t]he right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude."

44. The Fifteenth Amendment of the United States Constitution is applicable within the Northern Mariana Islands as if the Northern Mariana Islands were one of the several states. Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America [hereinafter "Covenant"], Section 501(a).

45. Article XVIII § 5( c) of the Commonwealth Constitution denies and abridges the

9

right of plaintiff and other United States citizens who are not of Chamorro or Carolinian descent
to vote on account of race.

46.  Article XVIII § 5( c) violates the Fifteenth Amendment of the United States
Constitution.

### SECOND CLAIM FOR RELIEF

### ARTICLE XVIII § 5( c)
### OF THE COMMONWEALTH CONSTITUTION
### VIOLATES THE FOURTEENTH AMENDMENT
### OF THE UNITED STATES CONSTITUTION

47.  Plaintiff re-alleges paragraphs 1 through 46 as if fully set forth herein.

48.  The Fourteenth Amendment of the United States Constitution states that "[n]o State
shall make or enforce any law which shall abridge the privileges or immunities of citizens of the
United States; nor shall any State deprive any person of life, liberty, or property, without due
process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

49.  The Fourteenth Amendment of the United States Constitution is applicable within
the Northern Mariana Islands as if the Northern Mariana Islands were one of the several states.
Covenant, Section 501(a).

50.  Article XVIII § 5( c) of the Commonwealth Constitution denies the equal protection
of the laws to plaintiff and other United States citizens who are not of Chamorro or Carolinian
descent.

51.  Article XVIII § 5( c) violates the Fourteenth Amendment of the United States
Constitution.

10

52.  The Commonwealth has no compelling interest in dividing its citizens into two

classes based on race and discriminating against those citizens in one class and favoring those in

the other.

53.  The Commonwealth has no compelling interest in dividing its United States citizens

into two classes based on whether they or their ancestors were born or domiciled in the Northern

Mariana Islands prior to 1950 and denying the right to vote to citizens one class and granting the

right to vote to the other class.

### THIRD CLAIM FOR RELIEF

#### PUBLIC LAW 17-40
#### VIOLATES OF THE FIFTEENTH AMENDMENT
#### OF THE UNITED STATES CONSTITUTION

54.  Plaintiff re-alleges paragraphs 1 through 53 as if fully set forth herein.

55.  Public Law 17-40 denies and abridges the right of plaintiff and other United States

citizens who are not of Chamorro or Carolinian descent to vote on account of race.

56  Public Law 17-40 violates the Fifteenth Amendment of the United States

Constitution.

### FOURTH CLAIM FOR RELIEF

#### PUBLIC LAW 17-40
#### VIOLATES THE FOURTEENTH AMENDMENT
#### OF THE UNITED STATES CONSTITUTION

57  Plaintiff re-alleges paragraphs 1 through 56 as if fully set forth herein.

58.  Public Law 17-40 denies the equal protection of the laws to plaintiff and other United

States citizens who are not of Chamorro or Carolinian descent.

59.  Public Law 17-40 violates the Fourteenth Amendment of the United States Constitution.

60.   The Commonwealth has no compelling interest in dividing its citizens into two classes based on race and discriminating against those citizens in one class and favoring those in the other.

61.  The Commonwealth has no compelling interest in dividing its United States citizens into two classes based on whether they or their ancestors were born or domiciled in the Northern Mariana Islands prior to 1950 and denying the right to vote to citizens of one class and granting the right to vote to the other class.


**FIFTH CLAIM FOR RELIEF**

**ARTICLE XVIII § 5( c) AND PUBLIC LAW 17-40**

**VIOLATE 42 U.S.C. § 1971(a)**

62.  Plaintiff re-alleges paragraphs 1 through 61 as if fully set forth herein.

63.  42 U.S.C. § 1971(a) provides the following:

   (1) All citizens of the United States who are otherwise qualified by

   to vote at any election by the people in any State, Territory, district

   . . . or other territorial subdivision, shall be entitled and allowed to

   vote at all such elections, without distinction of race, color, or

   previous condition of servitude, any constitution, law, custom,

   usage, or regulation of any State or Territory, or by or under its

12

authority, to the contrary notwithstanding.

64. Article XVIII § 5( c) and Public Law 17-40 violate 42 U.S.C. §1971(a)(1).

## SIXTH CLAIM FOR RELIEF

## THE ACTS OF DEFENDANTS SABLAN AND GUERRERO

## VIOLATE 42 U.S.C. § 1971(a)(2)

65. Plaintiff re-alleges paragraphs 1 through 64 as if fully set forth herein.

66. 42 U.S.C. § 1971(a)(2) provides the following:

> No person acting under color of law shall -
>
> (A) in determining whether any individual is qualified under State
>
> law or laws to vote in any election, apply any standard, practice, or
>
> procedure different from the standard, practices, or procedures
>
> applied under such law or laws to other individuals who been
>
> found by State officials to be qualified to vote; . . . .

67. The term "vote" includes "all action necessary to make a vote effective including, but not limited to, registration or other action required by State law prerequisite to voting, casting a ballot, or having such ballot counted and included in the appropriate totals of votes cast with respect to . . . propositions for which votes are received in an election . . . ."  42 U.S.C. § 1971(a)(3)(A); 42 U.S.C. 1971(e).

68. Defendants Sablan and Guerrero have applied voting standards and procedures in a discriminatory fashion which results in denying plaintiff and other persons not of Northern Marianas descent the right to register and vote in any election regarding any proposed

amendment to Article XII of the Commonwealth Constitution in violation of 42 U.S.C. § 1971(a)(2).

69. The acts of the defendants Sablan and Guerrero as set forth above, including but not limited to the promulgation of regulations pursuant to Article XVIII § 5( c) and Public Law 17-40, the registering voters limited to persons of Northern Marianas descent for elections pursuant to Public Law 17-40, and establishing a Northern Marianas descent registry, violate 42 U.S.C. § 1971(a)(2).

## SEVENTH CLAIM FOR RELIEF

## VIOLATION OF CIVIL RIGHTS

## 42 U.S.C. § 1983

70. Plaintiff re-alleges paragraphs 1 through 69 as if fully set forth herein.

71. The Civil Rights Act, 42 U.S.C. § 1983, provides the following:

> Every person who, under color of any statute, ordinance,
>
> regulation, custom, or usage, of any State of Territory or the
>
> District of Columbia, subjects, or causes to be subjected, any
>
> citizen of the United States or other person with the jurisdiction
>
> thereof to the deprivation of any rights, privileges, or immunities
>
> secured by the Constitution and laws, shall be liable to the party
>
> injured in an action at law, suit in equity, or other proper
>
> proceeding for redress, . . . .

72. The acts of defendants Sablan and Guererro, as set forth above, including but not

14

limited to, the promulgation of regulations pursuant to Article XVIII § 5( c) and Public Law 17-40, the registering voters limited to persons of Northern Marianas descent for elections pursuant to Public Law 17-40, and establishing a Northern Marianas descent registry, deprive plaintiff of the rights secured by the Fourteenth and Fifteenth Amendments of the United States Constitution and 41 U.S.C. 1971(a)(2).

73.  By administering and enforcing Article XVIII § 5( c) and Public Law 17-40, defendants have acted under color of state law to deprive plaintiff of the rights secured by the Fourteenth and Fifteenth Amendments of the United States Constitution and  41 U.S.C. 1971(a)(2), in violation of federal statute 42 U.S.C. § 1983.

## EIGHTH CLAIM FOR RELIEF

## TAXPAYER'S ACTION

## COMMONWEALTH CONSTITUTION ART. X § 9

74.  Plaintiff re-alleges paragraphs 1 through 73 as if fully set forth herein.

75.  Plaintiff is a taxpayer in the Commonwealth of the Northern Mariana Islands.

76.  Plaintiff brings this action to enjoin the expenditure of public funds for other than a public purpose, i.e., the administering and enforcement of Article XVIII § 5( c) and Public Law 17-40.

77.  The expenditure of public funds for the purpose of administering and enforcement of Article XVIII § 5( c) and Public Law 17-40 is not for a public purpose.

78.  Plaintiff and all other taxpayers of the Commonwealth of the Northern Mariana Islands are and will continue to be damaged by the administering and enforcement of Article

XVIII § 5( c) and Public Law 17-40 for the reason that public moneys will thereby be unlawfully expended and taxes illegally exacted from plaintiffs and other taxpayers of the Commonwealth.

79. Plaintiffs and other taxpayers of the Commonwealth of the Northern Mariana Islands similarly situated have no plain, specific or adequate remedy at law and will suffer irreparable loss if defendants are not restrained from proceeding to expend moneys to administer and enforce Article XVIII § 5( c) and Public Law 17-40 and will be threatened with the imposition of unlawful taxes, burdens, and charges as a result.

## PRAYER FOR RELIEF

Wherefore Plaintiff prays that this Court:

1. Declare that Article XVIII § 5( c) of the Commonwealth Constitution violates the Fourteenth and Fifteenth Amendments to the United States Constitution and is therefore invalid, null and void;

2. Declare that Public Law 17-40 violates the Fourteenth and Fifteenth Amendments to the United States Constitution and is there invalid, null and void;

3. Declare the defendants Guerrero and Sablan have violated the civil rights of plaintiff;

4. Declare that Article XVIII § 5( c) and Public Law 17-40 violate 42 U.S.C. § 1971(a).

5. Declare that defendants Guerrero and Sablan have violated 42 U.S.C. § 1971(a)(2);

6. Permanently enjoin defendants from denying plaintiff and other United States citizens who are not Northern Marianas descent the right to vote;

7. Permanently enjoin defendants from administering and enforcing Article XVIII § 5( c) and Public Law 17-40;

8. Permanently enjoin defendants from expending public moneys to administer and enforce Article XVIII § 5( c) and Public Law 17-40;

9. For costs, including reasonable attorney's fees; and

10. For such other and further relief as is just.


Respectfully submitted,

JEANNE H. RAYPHAND
Attorney for Plaintiff

# PLAINTIFF'S EXHIBITS

A    Legislative Initiative 11-1

B    Public Law 17-40

C    Legislative Initiative 18-1

D    Commonwealth Register, Vol. 33, No. 09, pp. 031918 et seq. (Sept. 26, 2011);
     Commonwealth Register, Vol. 33, No. 11, pp. 032090 et seq. (Nov. 29, 2011)

E    Processing of voter registration for persons of Northern Marianas descent

# SENATE LEGISLATIVE INITIATIVE No. 11-1

**ELEVENTH NORTHERN MARIANAS**
**COMMONWEALTH LEGISLATURE**

**SENATE LEGISLATIVE**
**INITIATIVE NO. 11-1**

**FIRST REGULAR SESSION, 1998**

### A LEGISLATIVE INITIATIVE

To propose a constitutional amendment to provide that only persons of Northern Marianas descent can vote on constitutional amendments affecting the protections against alienation of land.

**BE IT ENACTED BY THE ELEVENTH NORTHERN MARIANAS COMMONWEALTH LEGISLATURE:**

Section 1.  <u>Legislative Initiative</u>.  The Eleventh Northern Marianas Commonwealth Legislature, by the affirmative vote of three-fourths of the members of each house present and voting, hereby proposes the following amendment to the Constitution to be placed before the people for ratification:

> "A PROPOSED CONSTITUTIONAL AMENDMENT
> To amend Article XVIII, Section 5 of the Commonwealth Constitution to provide that only persons of Northern Marianas descent can vote on constitutional amendments affecting the protections against alienation of land in Article XII of the Constitution.

I.  Article XVIII, Section 5 is amended to add a new subsection (c) thereto to read as follows:

> (c) In the case of a proposed amendment to Article XII of this Constitution, the word "voters" as used in subsection 5(a) above shall be limited to eligible voters under Article VII who are also persons of Northern Marianas descent as described in Article XII, Section 4, and the term "votes cast" as used in subsection 5(b) shall mean the votes cast by such voters."

Section 2.  <u>Adoption and Transmittal</u>.  The President of the Senate and the Speaker of the House shall certify, and the Clerks of the Senate and House shall attest

SENATE LEGISLATIVE
INITIATIVE NO. 11-1

to the adoption of this Legislative Initiative.  The Senate Clerk shall then cause the Initiative to be transmitted to the Governor and the Board of Elections with instructions that the Board place it before the people of the Commonwealth for a ratification vote, in conformance with Article XVIII, Section 5 of the Commonwealth Constitution and 1 CMC § 6432.

**PASSED BY THE SENATE ON NOVEMBER 13, 1998 AND THE HOUSE OF REPRESENTATIVES ON JUNE 24, 1999 BY THE AFFIRMATIVE VOTE OF THREE-FOURTHS (3/4) OF THE MEMBERS OF EACH HOUSE PRESENT AND VOTING.**

**CERTIFIED BY:**

/s/  Paul A. Manglona
**PAUL A. MANGLONA**
**PRESIDENT OF THE SENATE**

/s/  Diego T. Benavente
**DIEGO T. BENAVENTE**
**SPEAKER**
**HOUSE OF REPRESENTATIVES**

**ATTESTED TO BY:**

/s/  Nicolasa B. Borja
**NICOLASA B. BORJA**
**SENATE CLERK**

/s/  Evelyn C. Fleming
**EVELYN C. FLEMING**
**HOUSE CLERK**

Page 2

PUBLIC LAW 17-40

GOV. COMM. *17-281*
(HOUSE)



# COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

**Benigno R. Fitial**
Governor

**Eloy S. Inos**
Lieutenant Governor



Honorable Eliceo "Eli" D. Cabrera
Speaker, House of Representatives
Seventeenth Northern Marianas
  Commonwealth Legislature
Saipan, MP 96950

Honorable Paul A. Manglona
President, The Senate
Seventeenth Northern Marianas
  Commonwealth Legislature
Saipan, MP 96950

Dear Mr. Speaker and Mr. President:

This is to inform you that I have signed into law House Bill No. 17-57, HD1, entitled,
"To establish a Northern Marianas Descent Registry within the Office of the
Commonwealth Election Commission." The bill was passed by the Seventeenth
Northern Marianas Commonwealth Legislature.

This bill becomes **Public Law No. 17-40**. Copies bearing my signature are forwarded for
your reference.

Sincerely,

BENIGNO R. FITIAL

cc:   Lt. Governor, Attorney General, Commonwealth Election Commission,
      Department of Finance, Department of Public Lands, Mayors,
      Department of Public Health and Environmental Services,
      CNMI Superior Court, Commonwealth's Law Revision Commission,
      Special Assistant for Programs and Legislative Review

HOUSE CLERK'S OFC
RECEIVED BY Jn
DATE 4/29/11 TIME 12:19a

Caller Box 10007 Saipan, MP 96950  Telephone: (670) 664-2200 /2300  Facsimile: (670) 664-2211/2311



Public Law No. 17-40

## *Seventeenth Legislature*
## *of the*
## *Commonwealth of the Northern Mariana Islands*

# IN THE HOUSE OF REPRESENTATIVES

**First Regular Session**

**March 31, 2010**

Representative **Felicidad T. Ogumoro**, of Saipan, Precinct 3 *(for herself,* Representatives Ramon S. Basa, Trenton B. Conner, Rafael S. Demapan, Sylvestre I. Iguel, Stanley T. McGinnis-Torres, and Edmund S. Villagomez) in an open and public meeting with an opportunity for the public to comment, introduced the following Bill:

---

# H. B. 17-57

## AN ACT

## TO ESTABLISH A NORTHERN MARIANAS DESCENT REGISTRY WITHIN THE OFFICE OF THE COMMONWEALTH ELECTION COMMISSION.

---

The Bill was referred to the House Committee on Health and Welfare, which submitted Standing Committee Report 17-23, adopted by the House on July 22, 2010.

THE BILL WAS PASSED BY THE HOUSE OF REPRESENTATIVES ON FIRST AND FINAL READING, JULY 22, 2010; *with amendments* in the form of H. B. 17-57, HD1 and transmitted to the THE SENATE.

The Bill was referred to the Senate Committee on Resources, Economic Development and Programs, which submitted Standing Committee Report 17-26, adopted by the Senate on December 30, 2010. THE BILL WAS PASSED BY THE SENATE ON FIRST AND FINAL READING, MARCH 4, 2011; *without amendments.*

H. B. 17-57, HD1 WAS RETURNED TO THE HOUSE OF REPRESENTATIVES ON MARCH 8, 2011.

**Linda B. Muña, House Clerk**

Public Law No. 17-40



*Seventeenth Legislature*
*of the*
*Commonwealth of the Northern Mariana Islands*

# IN THE HOUSE OF REPRESENTATIVES

FIRST DAY, SIXTH SPECIAL SESSION

JULY 22, 2010

# H. B. 17-57, HD1

## AN ACT

## TO ESTABLISH A NORTHERN MARIANAS DESCENT REGISTRY WITHIN THE OFFICE OF THE COMMONWEALTH ELECTION COMMISSION.

## Be it enacted by the Seventeenth Northern Marianas Commonwealth Legislature:

1     **Section 1. <u>Findings and Purposes</u>:** The Legislature finds that Article

2   XII, §1 of the Northern Mariana Islands Constitution ("Constitution") restricted

3   the acquisition of permanent and long term interests in real property within the

4   Commonwealth to persons of Northern Marianas descent, as defined in § 4 of the

5   said Article.

6     The Legislature further finds that Covenant § 805 (a) provides that after

7   25 years from the termination of the Trusteeship Agreement, and may thereafter,

8   the people of the Northern Mariana Islands will regulate the alienation of

9   permanent and long-term interest in real property; etc. This said provision was

0   incorporated in Article XII of the Constitution, which was adopted without any

1    time limitation by the people of the Northern Mariana Islands, in accordance with

2    Article I, § 103 of the Covenant.

3         The Legislature further finds that the natural persons of Chamorro and

4    Carolinian descent were often referred to and known as: "the people of the

5    Northern Mariana Islands" by the Administering Authority, which was the United

6    States of America, and by the United Nations.   That it was the Chamorro and

7    Carolinian people that negotiated and voted for the Covenant, which established

8    the Commonwealth of the Northern Mariana Islands in political union with the

9    United States of America.

10        The Legislature further finds that Article XVIII, § 5 of the Constitution

11   was amended by Senate Legislative Initiative No. 11-1 (S.L.I. NO. 11-1) to

12   provide that only persons of Northern Marianas descent can vote on constitutional

13   amendments affecting the protections against alienation of land.   And, the fact

14   that Covenant § 805 in part stated that, "the Government of the Northern Mariana

15   Islands, in view of the importance of the ownership of land for the culture and

16   tradition of the people of the Northern Mariana Islands, and in order to protect

17   them against exploitation and to promote their economic advancement and self-

18   sufficiency," by this direct mentioned of "the people of the Northern Mariana

19   Islands", is clearly referring to persons of Northern Marianas Chamorro and

20   Carolinian descent who negotiated and voted for the Covenant.   The Legislature

21   agrees; and, therefore, supports that "only" persons of Northern Marianas descent

1   can vote on Constitutional amendments affecting the protection against alienation

2   of lands.

3            The Legislature further finds that the Department of Public Lands, at one

4   time, was registering persons who are of Northern Marianas descent and later

5   discontinued doing it.  And lately, in preparation for the possibility that the people

6   of the Northern Mariana Islands may decide to exercise the provision of Covenant

7   § 805 (a), and with the ratification of S.L.I. NO. 11-1, the Commonwealth

8   Election Commission (CEC) started to register persons who are of Northern

9   Marianas descent.  CEC initiated such registry without any statutory authority;

10  and as such, it may be discontinued also.  With the above concerns, the

11  Legislature finds it necessary to mandate the establishment and control of the

12  registry of persons of Northern Marianas descent within the Office of the

13  Commonwealth Election Commission.

14  **Section 2.  <u>Establishment of a Northern Marianas Descent Registry:</u>**

15  There is hereby established within the Office of the Commonwealth Election

16  Commission a Northern Marianas Descent Registry (NMDR) for the purpose of

17  maintaining official listings and records of persons of Northern Marianas descent,

18  and others as may be allowed or required pursuant to this Act.  Such registry shall

19  produce the Official Northern Marianas Descent Identification Card (ONMDIC)

20  that will be issued only to persons who are qualified pursuant to Article XII, § 4

21  of the Northern Mariana Islands Constitution.

3

1    (a)  In accordance with this Act, the NMDR is the only one authorized to

2    be established in the Commonwealth.    There shall be no other government

3    department, agency or its instrumentalities, including the Offices of the Mayors of

4    Rota, Tinian and Aguiguan, Saipan, and the islands North of Saipan allowed or

5    authorized to establish within their respective offices registry of persons of

6    Northern Marianas descent.

7    (b)    The Commonwealth Election Commission shall designate its

8    Executive Director to manage the registry and activities of the NMDR.

9    (c)    Notwithstanding any established Commonwealth of the Northern

10    Mariana Islands residents' registry within CEC, the NMDR shall be a separate

11    registry in and by itself for the stated purposes as set-forth below.

12    (1)  CEC shall use only the NMDR as the official registry of

13    persons of Northern Marianas descent in any and all elections,

14    i.e. Senatorial District Election or Commonwealth General Elections or

15    Federal Election or Special Election that requires only persons of Northern

16    Marianas descent to vote in such election pursuant to the said Article

17    XVIII, § 5 of the Northern Mariana Islands Constitution, and as it may be

18    required by other local or federal laws, and for other purposes as may be

19    needed or required.

20    (2)    The Marianas Public Land Authority (MPLA) or its

21    successors, now, the Department of Public Lands (DPL), upon this Act

4

1    becoming law, shall completely cease its registry of persons of Northern

2    Marianas descent.

3        (3)  CEC shall not attempt to use, acknowledge, recognize, obtain

4    or accept any registry of persons of Northern Marianas descent from DPL

5    or from any other sources within the Commonwealth Government,

6    including the Offices of the Mayors of Rota, Tinian and Aguiguan, Saipan,

7    and the islands north of Saipan holding such registry or records.

8        (4) No person holding any form of Northern Marianas Descent

9    Identification Card issued by MPLA or its successors or from any other

10   sources shall be allowed to use such Identification Card for the stated

11   purpose provided under this Act.

12       (5)  CEC shall adopt a system in registering persons of Northern

13   Marianas descent in order to properly and accurately identify that the

14   person registering is a natural person of Northern Marianas descent. In this

15   case, CEC may require the Commonwealth Health Center (CHC) to

16   provide a copy of the original birth record showing the natural parents or

17   ancestors of the person registering.  Such birth record shall identify the

18   nationality and race of the parents, i.e. NMD Chamorro or Carolinian or

19   part NMD, etc.  And if necessary, CEC may obtain such records from the

20   CNMI Superior Court or in archives, such as the Catholic Church or

21   others, who may be keeping such record or information.

1          (6)  CHC and the CNMI Superior Court, upon receipt from CEC a

2          request for a copy of original birth record of the individual person

3          registering, shall promptly produce and provide it to CEC without cost.

4          **Section 3. <u>Official Northern Marianas Descent Identification Card</u>**

5      **<u>(ONMDIC):</u>**  CEC shall design the Official Northern Marianas Descent

6      Identification Card (ONMDIC), which shall be approved by the Governor, the

7      Presiding Officers of the Legislature, and the Mayors of the respective Senatorial

8      Districts in the Commonwealth.  The ONMDIC shall have with it the protection

9      needed to avoid and prevent it from duplication, fabrication, forgery,

10     counterfeiting, identity theft, scams and other illegal activities.

11         (a)  The ONMDIC shall be the Official Identification Card of persons

12     of Northern Marianas descent in the Commonwealth, and it shall be issued only to

13     persons who meet the requirements of Article XII,  § 4 of the Northern Mariana

14     Islands Constitution, and shall be used only in accordance with the applicable

15     provisions of this Act.

16         (b)  The ONMDIC may be required by the Department of Public Lands

17     to ensure that the individual person applying for village or agricultural homestead

18     in the Commonwealth is a person of Northern Marianas descent; and if the

19     applicant, upon the request by DPL, fails to show or does not have the said

20     identification card, DPL may request the Commonwealth Election Commission to

21     verify or certify that the applicant is a person of Northern Marianas descent

6

1    pursuant to Article XII, § 4 of the Northern Mariana Islands Constitution.  CEC

2    shall furnish such certification card without hesitation when available to DPL.

3        (c)    At any time as it may be deemed necessary and required by any

4    department or agency of the Commonwealth Government, including the Office of

5    the Mayors, the Federal Government and/or its agencies, or the private sectors for

6    the purpose of establishing the identity of the individual person for any legitimate

7    reason, the ONMDIC shall be shown by its rightful holder.

8        **Section 4.    Registration:**    Upon this Act becoming Law and in

9    accordance with this Act, the Commonwealth Election Commission shall begin

10    the registration of persons of Northern Marianas descent in all the villages on

11    Saipan, the islands north of Saipan, Tinian and Aguiguan, and Rota.    The

12    Commonwealth Election Commission may conduct such registration in the said

13    villages as often as it may be required.

14        (a)    The    CEC    shall    diligently    work    toward    the    successful

15    implementation of this Act by ensuring that its intent and purpose is well

16    disseminated and announced throughout the Commonwealth, urging all person to

17    register who qualify pursuant to Article XII, § 4 of the Northern Mariana Islands

18    Constitution.

19        (b)    The CEC shall not deny any individual person who meets the

20    requirements of Article XII, § 4 of the Northern Mariana Islands Constitution to

21    register. However, if the individual person is a convicted felon, the applicable

7

1    provisions of local or federal laws shall apply when it comes to voting in any

2    regular or special elections.

3        If a registration clerk administering an oath has any question regarding the

4    propriety of an affidavit of registration, the clerk shall forward the affidavit to the

5    Commission for final decision as to its propriety. In case of a questionable

6    affidavit regarding the qualification(s) of the individual, the Commission shall

7    conduct a formal or informal hearing to determine the correct facts. The registrant

8    has the right to present evidence to the Commission regarding his or her

9    qualifications to register as a person of Northern Marianas Descent.    Any

10    individual person, who is denied to be registered by the Commonwealth Election

11    Commission, may appeal the decision to the members of the Commonwealth

12    Election Commission thirty days upon the receipt of such denial.  The members of

13    CEC, upon the receipt of the appeal, shall, within forty-five days and no later than

14    sixty days, schedule a hearing to allow the individual person to present his or her

15    oral or written argument, with supporting documents, if required, contesting such

16    a denial.  After the said hearing, the members of the CEC find that the decision to

17    deny the individual person to be registered stands, the appellant must be notified

18    in writing explaining the reason for such action.  The individual person may seek

19    judicial review of such decision under the Administrative Procedures Act.

20        **Section 5.  Rules & Regulation:**  CEC may promulgate the necessary

21    rules and regulations to carry out the purpose and intent of this Act.

8

Public Law No. 17-40
HOUSE BILL 17-57, HD1

1    Section 6.  **Severability.**  If any provisions of this Act or the application

2    of any such provision to any person or circumstance should be held invalid by a

3    court of competent jurisdiction, the remainder of this Act or the application of its

4    provisions to persons or circumstances other than those to which it is held invalid

5    shall not be affected thereby.

6    Section 7.  **Savings Clause.**  This Act and any repealer contained herein

7    shall not be construed as affecting any existing right acquired under contract or

8    acquired under statutes repealed or under any rule, regulation or order adopted

9    under the statutes.  Repealers contained in this Act shall not affect any proceeding

10   instituted under or pursuant to prior law.  The enactment of the Act shall not have

11   the effect of terminating, or in any way modifying, any liability, civil or criminal,

12   which shall already be in existence on the date this Act, becomes effective.

Public Law No. 17-40
**HOUSE BILL 17-57, HD1**

1        **Section 8. <u>Effective Date</u>.** This Act shall take effect upon its approval by

2    the Governor, or its becoming law without such approval.


*Attested to by:*
_____
**Linda B. Muña, House Clerk**


*Certified by:*
_____
**ELICEO "Eli" D. CABRERA, SPEAKER**


APPROVED _____ this 21 St day of APRIL _____, 2011

_____
Benigno R. Fitial
*Governor*
*Commonwealth of the Northern Mariana Islands*

10

# LEGISLATIVE  INITIATIVE  18-1

**Subject:** RE: House Legislative Initiative 18-1

**From:** Robert A. Guerrero (raguerrero@hotmail.com)

**To:** jeanneesq@yahoo.com;

**Cc:** francessablan@gmail.com; josephabarcinas@yahoo.com; trinie@saipanshipping.com;

**Date:** Tuesday, October 15, 2013 1:25 PM

Greetings, Ms. Rayphand!

As requested, please see attached copy of HLI 18-1.

With regards to confirming if such initiative will be on the 2014 ballot, Section 5 (a) of Article XVIII of the NMI Constitution requires that "a proposed amendment to this constitution shall be submitted to the voters for ratification at the next regular general election or at a special election established by law".  To date, there is no special election that has been set or established by law.  Based on this provision, unless a special election is authorized by law, yes, HLI 18-1 is set to be on the ballot in the upcoming general election.

Thank you,

Robert Guerrero

---

Date: Mon, 14 Oct 2013 17:53:27 -0700
From: jeanneesq@yahoo.com
Subject: House Legislative Initiative 18-1
To: executivedirector@votecnmi.gov.mp

Mr. Guerrero,
    Will you please email me a copy of House Legislative Initiative 18-1 and confirm that it will be on the 2014 ballot?
    Thank you.

                    Jeanne Rayphand
                    Tel: 287-9807



*Eighteenth Legislature*
*of the*
*Commonwealth of the Northern Mariana Islands*

## IN THE HOUSE OF REPRESENTATIVES

**Second Day, First Regular Session**

**January 22, 2013**

Representative Felicidad T. Ogumoro, of Saipan, Precinct 3 *(for herself,)* in an open and public meeting with an opportunity for the public to comment, introduced the following Bill:

---

# H. L. I. 18-1

## A HOUSE LEGISLATIVE INITIATIVE

### To amend Article XII, Section 4 of the Northern Mariana Islands Constitution; and for other purposes.

---

The Legislative Initiative was referred to the House Committee on Natural Resources, which submitted Standing Committee Report 18-5, adopted March 22, 2013.

THE LEGISLATIVE INITIATIVE WAS PASSED BY THE HOUSE OF REPRESENTATIVES ON FIRST AND FINAL READING, ON MARCH 27, 2013;
[*with amendments, in the form of House Draft 1*] and transmitted to the
THE SENATE

The Legislative Initiative was not referred to a Senate Committee.
THE LEGISLATIVE INITIATIVE WAS PASSED BY THE SENATE ON FIRST AND FINAL READING, ON AUGUST 29, 2013;
[*with amendments, in the form of House Draft 1, Senate Draft 1*],
and returned to
THE HOUSE OF REPRESENTATIVES ON SEPTEMBER 6, 2013.

The House of Representatives accepted the Senate amendments.

THE LEGISLATIVE INITIATIVE WAS FINALLY PASSED BY THE HOUSE DURING ITS 4TH DAY, SECOND REGULAR SESSION ON SEPTEMBER 16, 2013.

Linda B. Muña, House Clerk



*Eighteenth Legislature*
*of the*
*Commonwealth of the Northern Mariana Islands*

# IN THE HOUSE OF REPRESENTATIVES

### 4TH DAY, SECOND REGULAR SESSION
### SEPTEMBER 16, 2013

# H. L. I. 18-1, HD1, SD1

## A HOUSE LEGISLATIVE INITIATIVE

To amend Article XII, Section 4 of the Northern Mariana Islands Constitution; and for other purposes.

## Be it enacted by the Eighteenth Northern Marianas Commonwealth Legislature:

**SECTION 1. FINDINGS AND PURPOSE.**

The Eighteenth Northern Marianas Commonwealth Legislature (Legislature) finds that Article VIII, Section 805(a) of the Covenant provides that "the Government of the Northern Mariana Islands, in view of the importance of the ownership of land for the culture and tradition of the people of the Northern Mariana Islands, and in order to protect them against exploitation and to promote their economic advancement and self-sufficiency: (a) will until twenty-five years after the termination of the Trusteeship Agreement, and may

1  thereafter, regulate the alienation of permanent and long-term interests in real property so as

2  to restrict the acquisition of such interests to persons of Northern Marianas descent."

3        The Legislature further finds that for a person to be considered a person of Northern

4  Marianas descent, Article XII, Section 4 of the Northern Mariana Islands Constitution

5  provides that he or she must possess at least one-quarter Northern Marianas Chamorro or

6  Northern Marianas Carolinian blood or a combination thereof.  The Legislature believes that

7  a person who is a citizen or a national of the United States, and who has at least some degree

8  of Northern Marianas Chamorro or Northern Marianas Carolinian blood or a combination

9  thereof shall be considered a person of Northern Marianas descent; therefore, the Legislature

10  finds it necessary and proper to amend Section 4 of Article XII of the Northern Mariana

11  Islands Constitution in order to legally provide that a person who has at least some degree of

12  Northern Marianas Chamorro or Northern Marianas Carolinian blood and who is a citizen or

13  national of the United States shall be deemed a bona fide person of Northern Marianas

14  descent for all purposes under Article XII, upon  providing evidence to the Superior Court.

15  Furthermore, if the court, based on such evidence finds and agrees that the person in fact

16  possess at least some degree of blood quantum of Northern Marianas Chamorro or Northern

17  Marianas Carolinian blood or a combination thereof, that said person shall be qualified and

18  considered a person of Northern Marianas descent.

19  **SECTION 2. LEGISLATIVE INITIATIVE.**

20        The Eighteenth Northern Marianas Commonwealth Legislature, by the affirmative

21  vote of three-fourths of the members of each house present and voting, hereby proposes the

1  following amendment to Section 4 of Article XII of the Constitution of the Northern Mariana

2  Islands to be placed before the people for ratification at the next general election:

3  **"A PROPOSED CONSTITUTIONAL AMENDMENT**

4  Section 4 of Article XII of the Northern Mariana Islands Constitution is

5  hereby amended as follows:

6  Section 4: Person of Northern Marianas Descent:  A person of Northern

7  Marianas descent is a person who is a citizen or national of the United States and

8  who is of has at least one-quarter some degree of Northern Marianas Chamorro

9  or Northern Marianas Carolinian blood or a combination thereof or an adopted

10  child a person of Northern Marianas descent if adopted while under the age of

11  eighteen years. For purposes of determining Northern Marianas descent by

12  adoption, a child without any degree of Northern Marianas descent when

13  adopted while under the age of eighteen by a person of Northern Marianas

14  descent shall not acquire any degree of Northern Marianas descent.  For

15  purposes of determining Northern Marianas descent, a person shall be

16  considered to be a full-blooded Northern Marianas Chamorro or Northern

17  Marianas Carolinian if that person was born or domiciled in the Northern

18  Mariana Islands by 1950 and was a citizen of the Trust Territory of the Pacific

19  Islands before the termination of the Trusteeship with respect to the

20  Commonwealth.

21  (a) Any person who has less than one quarter Northern Marianas

22  Chamorro or Northern Marianas Carolinian blood or a combination thereof,

1   claiming to be a person of Northern Marianas descent shall provide evidence to

2   support that he/she possess some degree of Northern Marianas Chamorro or

3   Northern Marianas Carolinian blood or a combination thereof to the Superior

4   Court. Based on the evidentiary standard of "preponderance of the evidence",

5   the Superior Court may grant or deny such claim, and the decision of the

6   Superior Court on such claim shall be subject to a "*de novo*" judicial review.

7   However, if the Superior Court finds and agrees that the person in fact possesses

8   at least some degree of Northern Marianas Chamorro or Northern Marianas

9   Carolinian blood or a combination thereof, the Superior Court shall certify that

10  the person is a person of Northern Marianas descent."

4

HOUSE LEGISLATIVE INITIATIVE 18-1, HD1, SD1

1    SECTION 3. ADOPTION AND TRANSMITTAL.

2        The Speaker of the House and the President of the Senate shall certify, and the Clerks

3    of the House and Senate shall attest to the passage of this Legislative Initiative. The House

4    Clerk shall then cause the Initiative to be transmitted to the Governor and the Board of

5    Elections.  Pursuant to Article XVIII, Section 5 of the Commonwealth Constitution, the

6    Board shall place this Legislative Initiative, with the Findings and Purpose section herein,

7    before the people of the Commonwealth for ratification vote in the next regular general

8    election.

PASSED BY THE HOUSE OF REPRESENTATIVES ON SEPTEMBER 16, 2013 BY THE
AFFIRMATIVE VOTE OF THREE-FOURTHS OF THE MEMBERS PRESENT AND VOTING

Attested to by: _____
                Linda B. Muña, House Clerk

Certified by: _____
              JOSEPH R. DELEON GUERRERO
              Speaker of the House

PASSED BY THE SENATE ON AUGUST 29, 2013 BY THE AFFIRMATIVE VOTE OF THREE-
FOURTHS OF THE MEMBERS PRESENT AND VOTING

Attested to by: _____
                Dolores S. Bermudes, Senate Clerk

Certified by: _____
              RALPH DLG. TORRES
              President of the Senate

5

Commonwealth Election Commission - Northern Mariana Islands                                    Page 1 of 2

| HOME | ABOUT CEC | VOTER LISTING | NMD | BULLETINS | ARCHIVE | CNMI ELECTION LAW | CONTACT US |

## Top Information



**Voter Registration Package** Contains: Affidavit of Registration, and Affidavit Questionnaire.



**Absentee Ballot Application** Application for Absentee Voting: Absence from the Commonwealth.



**NMI Descent Affidavit of Registration** NMI Chamorro and Carolinian descent



**Candidate's Pamphlet** Information on requirements and election process for candidates



**Voter's Pamphlet** Information on Registration and Absentee Voting Procedures for CNMI Elections

## Hafa Adai - Tiroow - Welcome



Hafa Adai and Greetings! Welcome to the Commonwealth Election Commission's Websit Commonwealth Election Commission (CEC) is bring you news and information regarding ou process in the Commonwealth of the Norther Islands as they develop. It is designed to give access to matters relating to the election proc well as objectives and the general operation c Commonwealth Election Commission.

I hope that as you browse our site, it will provide you with the informatic services that you need or are looking for. Should you have any questions and/or comments regarding our election process or anything on our web please do not hesitate to contact us at (670) 664-VOTE (8683) for assist you may email me directly at executivedirector@votecnmi.gov.mp .

Respectfully,

ROBERT A. GUERRERO
Executive Director

# COMMONWEALTH  REGISTER

Vol. 33, No. 09, pp. 031918 et seq. (Sept. 26, 2011)

Vol. 33, No. 11, pp. 032090 et seq. (Nov. 29, 2011)

[English version only]



Commonwealth of the Northern Mariana Islands
COMMONWEALTH ELECTION COMMISSION

Frances M. Sablan, Chairperson
Commonwealth Election Commission, P.O. Box 500470
Susupe, Saipan MP 96950
Tel: (670) 664-8683; fax:(670) 664-8689

## NOTICE AND CERTIFICATION OF ADOPTION OF THE RULES AND REGULATIONS OF THE COMMONWEALTH ELECTION COMMISSION

Commonwealth Register Volume 33, Number 09, Pages 031918 to 031930, on September 26, 2011

## Regulations of the Commonwealth Election Commission: Northern Marianas Descent Registry (NMDR)

ACTION TO ADOPT PROPOSED REGULATIONS: The Commonwealth of the Northern Mariana Islands, Commonwealth Election Commission (CEC), HEREBY ADOPTS AS PERMANENT Regulations the Proposed Regulations which were published in the Commonwealth Register at the above-referenced pages, pursuant to the procedures of the Administrative Procedure Act, CMC §9204 (a). The CEC announced that it intended to adopt them as permanent and now does so. I also certify by signature below that:

As published, such adopted regulations are a true, complete and correct copy of the referenced Proposed Regulations,

And that they are being adopted without modifications or amendments.

PRIOR PUBLICATION: The prior publication as stated above. The Commonwealth Election Commission adopted the regulations as final at its meeting on June 9, 2011.

MODIFICATION FROM PRPOSED REGULATIONS, IF ANY: None

AUTHORITY: The Commonwealth Election Commission is required by 1 CMC §6105 and Section 5 of Public Law 17-40, to adopt rules and regulations regarding matters over which the Commonwealth Election Commission has jurisdiction.

EFFECTIVE DATE: Pursuant to the APA, 1 CMC §9105 (b), these adopted regulations are effective 10 days after compliance with the APA, 1 CMC §9102 and 9104 (a) or (b), which, in this instance, is 10 days after this publication in the Commonwealth Register.

I DECLARE under penalty of perjury that the foregoing is true and correct and that this

declaration was executed on the 21st day of November, 2011, on Saipan, commonwealth of the Northern Mariana Islands.

Certified and ordered by:

_____          _____
Frances M. Sablan, Chairperson                    Nov. 21, 2011
Commonwealth Election Commission                      Date

Filed and
Recorded by:

_____          _____
ESTHER M. SAN NICOLAS                            11·28·2011
Commonwealth Register                                 Date



Commonwealth of the Northern Mariana Islands
COMMONWEALTH ELECTION COMMISSION

Frances M. Sablan, Chairperson
Commonwealth Election Commission, P.O. Box 500470
Susupe, Saipan MP 96950
Tel: (670) 664-8683; fax:(670) 664-8689

PUBLIC NOTICE FOR PROMULGATION OF
PROPOSED RULES AND REGULATIONS
FOR THE NORTHERN MARIANAS DESCENT REGISTRY (NMDR)
UNDER THE COMMONWEALTH ELECTION COMMISSION

The Commonwealth of the Northern Mariana Islands, Commonwealth Election Commission (CEC) intends to adopt as permanent the attached Proposed Rules and Regulations, pursuant to the procedures of the Administrative Procedure Act,1 CMC § 9104(a). The Rules and Regulations would become effective 30 days after compliance with 1 CMC §§ 9102 and 9104 (a).

AUTHORITY: The Commonwealth Election Commission is empowered by Public 17-40 to adopt rules and regulations for the administration and enforcement of the statute governing his activities. 1 CMC § 6105 & P.L. 17-40

The Rules and Regulations provides for the Commonwealth Election Commission to establish a Northern Marianas Descent Registry (NMDR) for the registration of Northern Marianas Descent pursuant to Article XII of the NMI Constitution.

The proposed rules and regulations are as follows:

**Authority.** The authority for the adoption and promulgation of the Northern Marianas Descent Registry Rules and Regulations is vested under the authority and directions set forth in Section 5 of Public Law 17-40.

**Purpose and Scope.** The purpose of the rules and regulations in this chapter is to establish and maintain an official listing and records of persons of Northern Marianas Descent.

**Registration**

**General Registration Procedures.** The primary method of registration for Northern Marianas Descent (NMD) shall be in person before a duly authorized registration clerk, a Commission staff person or a Commission member. Any qualified individual may register at the Commission office in Saipan, at their residence or such other places that the Commission allows for the registration of voters.

**Registration Affidavit.** An NMD registers to vote by completing the affidavit, as attached and incorporated herein as exhibit A to this chapter and providing all of the information as required by law, and executing same under the penalty of perjury.

Page 1

**Mail Registration**

(a)  A person otherwise qualified under Article XII, § 4 of the Northern Mariana Islands Constitution may submit his registration affidavit by mail so long as the registration affidavit is signed. Upon signing the registrant must mail the registration affidavit via either first class, priority mail or express mail to the following address:

> Commonwealth of the Northern Mariana Islands
> Commonwealth Election Commission
> PO Box 500470
> Saipan, MP 96950

(b)  A registration affidavit by mail must be postmarked no later than the date required for registration of all Commonwealth voters in order to vote in a general or special election.  In the event the eligible voter mails the affidavit from such a locale that does not properly affix a postmark, such as a ship or submarine, then the date on the affidavit shall be presumed to be the day that the affidavit was mailed by the eligible voter.  If that date is on or before the date the affidavit is due, then the voter shall be presumed to be registered if the Commission satisfactorily determines that the voter is eligible.

**Mail Registration Requirements.**  As required by law, a person who desires to register by mail must not be physically present in the Commonwealth, and the registration clerk who receives the registration affidavit by mail must check the post mark or other such evidence to insure that the individual who submitted the application did not mail it from a location inside the Commonwealth.

**Northern Marianas Descent Qualification.**  Any person who is otherwise qualified to register by mail must meet the requirements as set forth in Article XII, § 4 of the Northern Mariana Islands Constitution, as executed on the affidavit of registration.

**Public Record Information of NMD Registration.**  It is understood that nothing in the Commonwealth Election Code or the Open Government Act as both are presently worded protects the privacy of the information contained in the affidavit of registration for NMD's.  Therefore any person may request information about an NMD that is provided on the individual's registration affidavit. Therefore it is the decision of the Commission that the affidavit information shall remain a public record. Nothing in this section can prevent the Commission from changing this requirement should there be a change in either of these laws that declare this information private.

**Registration Clerks.**  Registration clerks shall be all duly employed staff members of the Commission, and any Commission member or any other person who is properly designated by the Commission. Upon receipt of the duly executed affidavit, a registration clerk shall promptly transmit the affidavits to the Commissions offices on Saipan via first-class mail in a sealed envelope to the same address mentioned above or immediately via personal delivery so that the NMD's names shall appear on the register. The Commission shall ensure registration clerks have enough NMD registration affidavits.

**No Refusal Right.**  No registration clerk shall refuse to register a person seeking to register even if the clerk believes that the person is not qualified to register.  Instead the registration clerk shall allow the individual to fill out the affidavit, but shall immediately inform the Executive Director or a Commission staff person that the person attempting to register might not be eligible to register as an NMD in the Commonwealth.  The Commission shall then follow the hearing procedures on all such registrations as listed below.

**Hearings on Challenges of Registrations**

(a) As authorized by law, the Commission shall hold hearings on all challenged registrations where it appears that the proposed registrant does not meet the qualifications required by statute to register under the Commonwealth Constitution. The hearings shall occur no more than 30 days after the registrant submitted their registration affidavit. As allowed by law the hearings will be informal in nature. A quorum of the Commission shall be necessary to conduct a hearing. Due to the informal nature of the hearing, and where necessary, a Commission member may participate at the hearing through the telephone. Pursuant to the law, the quorum must consist of at least 5 members provided that there is at least one representative from each senatorial district. It is not necessary that the hearing be noticed publicly, but the challenged registrant shall be given reasonable advance notice and opportunity to be heard at the hearing.

(b) The challenged registrant shall be allowed to offer any oral or documentary evidence as to why he should be registered. The challenged registrant may be represented by counsel of his or her own choosing and at his own expense. Any person shall be allowed to offer any oral or documentary evidence as to why the person should or should not be registered. The challenged registrant may also participate at the hearing by being physically present or through the telephone.

(c) The decision denying the challenged registrant the right to be registered shall be decided by a 3/4 majority of the Commission members present at the hearing, including those participating through the telephone. In all other cases where less than 3/4 of the Commission members present vote to deny the registrant the right to be registered, then it shall be presumed that the registrant is qualified to register. No Commission member who does not participate by being present (either physically or through the telephone) in a challenge hearing shall be allowed to vote on whether or not the registrant can register. The Commission shall announce its decision in writing to the challenged registrant as well as make it available to the public no later than three days after the conclusion of the hearing.

(d) The decision of the Commission shall be final; however the judicial review petition procedures of the Commonwealth Administrative Procedure Act [1 CMC §9101, et. seq.] shall also govern the Commission's decision, as being an agency action.

**Miscellaneous Provisions**

**Severability.** If any provision of the regulations in this chapter shall be held invalid by a court of competent jurisdiction, the validity of the remainder of the regulations in this chapter shall not be affected thereby.

**Effective Date.** The regulations in this chapter shall take effect upon the notice of adoption and upon final publication in the Commonwealth Register.

The Commission is soliciting comments regarding these proposed amendments. Anyone interested in commenting on the amendments to the regulations may do so in writing to the Commonwealth Election Commission, P.O. Box 500470, Saipan, MP 96950. Written Comments may also be delivered to the Commonwealth Election Commission's Offices or faxed to (670) 664-8689. All comments must be in writing and must be received in 30 days from the date this notice is published in the Commonwealth register.

These proposed rules and regulations were approved by the Commonwealth Election Commission on June

Page 3

9, 2011.

Submitted by: _____          June 9, 2011
                    Frances M. Sablan, Chairperson              Date
                    Commonwealth Election Commission

Received by: _____          09/12/11
                    ESTHER S. FLEMING                        Date
                    Governor's Special Assistant for Administration

Filed and
Recorded by: _____          09.12.11
                    ESTHER M. SAN NICOLAS                   Date
                    Commonwealth Register

Pursuant to 1 CMC §2153(e) (AG approval of regulations to be promulgated as to form) and 1 CMC §9104(a)(3) (obtain AG approval) the proposed regulations attached hereto have been reviewed and approved as to form and legal sufficiency by the CNMI Attorney General and shall be published, 1 CMC §2153(f) (publication of rules and regulations).

Dated the 10 day of JUNe , 2011.

_____
EDWARD T. BUCKINGHAM
Attorney General

PROCESSING OF VOTER REGISTRATION
FOR PERSONS OF
NORTHERN MARIANAS DESCENT

Commonwealth Election Commission of Northern Mariana Islands

| HOME | ABOUT CEC | VOTER LISTING | NMD | BULLETINS | ARCHIVE | CNMI ELECTION LAW | CONTACT US |

## Top Information



**Voter Registration Package** Contains: Affidavit of Registration, and Affidavit Questionnaire.



**Absentee Ballot Application** Application for Absentee Voting: Absence from the Commonwealth.



**NMI Descent Affidavit of Registration** NMI Chamorro and Carolinian descent



**Candidate's Pamphlet** Information on requirements and election process for candidates



**Voter's Pamphlet** Information on Registration and Absentee Voting Procedures for CNMI Elections

## Hafa Adai - Tiroow - Welcome



Hafa Adai and Greetings! Welcome to the Commonwealth Election Commission's Websit Commonwealth Election Commission (CEC) is bring you news and information regarding ou process in the Commonwealth of the Norther Islands as they develop. It is designed to give access to matters relating to the election proc well as objectives and the general operation Commonwealth Election Commission.

I hope that as you browse our site, it will provide you with the informatic services that you need or are looking for. Should you have any questions and/or comments regarding our election process or anything on our web: please do not hesitate to contact us at (670) 664-VOTE (8683) for assist you may email me directly at executivedirector@votecnmi.gov.mp .

Respectfully,

ROBERT A. GUERRERO
Executive Director



Commonwealth of the Northern Mariana Islands
COMMONWEALTH ELECTION COMMISSION

# RULES AND REGULATIONS
# FOR THE NORTHERN MARIANAS DESCENT REGISTERY (NMDR)

The Commonwealth of the Northern Mariana Islands, Commonwealth Election Commission (CEC) has adopted this permanent Rules and Regulations, pursuant to the procedures of the Administrative Procedure Act,1 CMC § 9104(a) as empowered by Public 17-40 for the administration and enforcement of the statute governing the registration of NMD's.  1 CMC § 6105 & P.L. 17-40

The Rules and Regulations provides for the Commonwealth Election Commission to establish a Northern Marianas Descent Registry (NMDR) for the registration of Northern Marianas Descent pursuant to Article XII of the NMI Constitution.

**Purpose and Scope.**  The purpose of the rules and regulations in this chapter is to establish and maintain an official listing and records of persons of Northern Marianas Descent.

### Registration

**General Registration Procedures.**  The primary method of registration for Northern Marianas Descent (NMD) shall be in person before a duly authorized registration clerk, a Commission staff person or a Commission member. Any qualified individual may register at the Commission office in Saipan, at their residence or such other places that the Commission allows for the registration of voters.

**Registration Affidavit.**  An NMD registers to vote by completing the affidavit, as attached and incorporated herein as exhibit A to this chapter and providing all of the information as required by law, and executing same under the penalty of perjury.

### Mail Registration

(a) A person otherwise qualified under Article XII, § 4 of the Northern Mariana Islands Constitution may submit his registration affidavit by mail so long as the registration affidavit is signed. Upon signing the registrant must mail the registration affidavit via either first class, priority mail or express mail to the following address:

> Commonwealth of the Northern Mariana Islands
> Commonwealth Election Commission
> PO Box 500470
> Saipan, MP 96950

(b) A registration affidavit by mail must be postmarked no later than the date required for registration of all Commonwealth voters in order to vote in a general or special election.  In the event the eligible voter mails the affidavit from such a locale that does not properly affix a postmark, such as a ship or submarine, then the date on the affidavit shall be presumed to be the day that the affidavit was mailed by the eligible voter.  If that date is on or before the date the affidavit is due, then the voter shall be presumed to be registered if the Commission satisfactorily determines that the voter is eligible.

**Mail Registration Requirements.** As required by law, a person who desires to register by mail must not be physically present in the Commonwealth, and the registration clerk who receives the registration affidavit by mail must check the post mark or other such evidence to insure that the individual who submitted the application did not mail it from a location inside the Commonwealth.

**Northern Marianas Descent Qualification.** Any person who is otherwise qualified to register by mail must meet the requirements as set forth in Article XII, § 4 of the Northern Mariana Islands Constitution, as executed on the affidavit of registration.

**Public Record Information of NMD Registration.** It is understood that nothing in the Commonwealth Election Code or the Open Government Act as both are presently worded protects the privacy of the information contained in the affidavit of registration for NMD's. Therefore any person may request information about an NMD that is provided on the individual's registration affidavit. Therefore it is the decision of the Commission that the affidavit information shall remain a public record. Nothing in this section can prevent the Commission from changing this requirement should there be a change in either of these laws that declare this information private.

**Registration Clerks.** Registration clerks shall be all duly employed staff members of the Commission, and any Commission member or any other person who is properly designated by the Commission. Upon receipt of the duly executed affidavit, a registration clerk shall promptly transmit the affidavits to the Commissions offices on Saipan via first-class mail in a sealed envelope to the same address mentioned above or immediately via personal delivery so that the NMD's names shall appear on the register. The Commission shall ensure registration clerks have enough NMD registration affidavits.

**No Refusal Right.** No registration clerk shall refuse to register a person seeking to register even if the clerk believes that the person is not qualified to register. Instead the registration clerk shall allow the individual to fill out the affidavit, but shall immediately inform the Executive Director or a Commission staff person that the person attempting to register might not be eligible to register as an NMD in the Commonwealth. The Commission shall then follow the hearing procedures on all such registrations as listed below.

### Hearings on Challenges of Registrations

(a) As authorized by law, the Commission shall hold hearings on all challenged registrations where it appears that the proposed registrant does not meet the qualifications required by statute to register under the Commonwealth Constitution. The hearings shall occur no more than 30 days after the registrant submitted their registration affidavit. As allowed by law the hearings will be informal in nature. A quorum of the Commission shall be necessary to conduct a hearing. Due to the informal nature of the hearing, and where necessary, a Commission member may participate at the hearing through the telephone. Pursuant to the law, the quorum must consist of at least 5 members provided that there is at least one representative from each senatorial district. It is not necessary that the hearing be noticed publicly, but the challenged registrant shall be given reasonable advance notice and opportunity to be heard at the hearing.

(b) The challenged registrant shall be allowed to offer any oral or documentary evidence as to why he should be registered. The challenged registrant may be represented by counsel of his or her own choosing and at his own expense. Any person shall be allowed to offer any oral or documentary evidence as to why the person should or should not be registered. The challenged registrant may also participate at the hearing by being physically present or through the telephone.

(c) The decision denying the challenged registrant the right to be registered shall be decided by a 3/4 majority of the Commission members present at the hearing, including those participating through the telephone. In all other cases where less than 3/4 of the Commission members present vote to deny the registrant the right to be registered, then it shall be presumed that the registrant is qualified to register. No Commission member who does not participate by being present (either physically or through the telephone) in a challenge hearing shall be allowed to vote on whether or not the registrant can register. The Commission shall announce its decision in writing to the challenged registrant as well as make it available to the public no later than three days after the conclusion of the hearing.

(d) The decision of the Commission shall be final; however the judicial review petition procedures of the Commonwealth Administrative Procedure Act [1 CMC §9101, et. seq.] shall also govern the Commission's decision, as being an agency action.

**Miscellaneous Provisions**

**Severability.** If any provision of the regulations in this chapter shall be held invalid by a court of competent jurisdiction, the validity of the remainder of the regulations in this chapter shall not be affected thereby.

**Effective Date.** The regulations in this chapter shall take effect upon the notice of adoption and upon final publication in the Commonwealth Register.



COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
# NORTHERN MARIANAS DESCENT AFFIDAVIT OF REGISTRATION APPLICATION

I am currently registered to vote on (*if applicable*):

☐ Island of Saipan – Election District: _____
☐ Island of Tinian – Election District 6
☐ Island of Rota –

**IMPORTANT: PLEASE PRINT CLEARLY IN BLACK INK. FAILURE TO COMPLETE ALL ITEMS MAY PREVENT ACCEPTANCE OF THIS APPLICATION.**

## I HEREBY SWEAR (OR AFFIRM) THAT THE FOLLOWING INFORMATION IS TRUE AND CORRECT:

| 1 | Last Four (4) Digits of Social Security Number<br>XXX-XX- ___ ___ ___ ___ | 2 | Date of Birth<br>___ ___ /___ ___ /___ ___ ___ ___ | 3 | Gender (Circle One)<br>Male    Female |
|---|---|---|---|---|---|

| 4 | Full Legal Last Name | First Name | Middle |
|---|---|---|---|

| 5 | Physical Residence Address Only (Must be completed. P.O. Box or General Delivery is not acceptable) | Island | ZIP Code |
|---|---|---|---|

| 6 | Mailing Address (Street Address, P.O. Box or General Delivery) | Island | ZIP Code |
|---|---|---|---|

| 7 | Telephone Contact Information | 8 | |
|---|---|---|---|

| 9 | I was last registered to vote under (Give previous legal last name, first name and middle name, *if applicable*) | Island | ZIP Code |
|---|---|---|---|

## Oath

I declare under penalty of perjury that I am a person who is a citizen or national of the United States and who is of at least one-quarter (25%) Northern Marianas Chamorro or Northern Marianas Carolinian blood or a combination thereof or an adopted child of a person of Northern Marianas descent if adopted while under the age of eighteen (18) years. For purposes of determining Northern Marianas descent, a person shall be considered to be a full blooded Northern Marianas Chamorro or Northern Marianas Carolinian if that person was born or domiciled in the Northern Mariana Islands by 1950 and was a citizen of the Trust Territory of the Pacific Islands before the termination of the Trusteeship with respect to the Commonwealth. (Northern Mariana Islands Constitution Article XII § 4)

Executed this _____ day of _____ 20____ at _____, _____.
            Day            Month        Year         City/Island      State

Signature ▷ _____    Date: _____

| 11 | Witness Signature (required only if applicant makes a mark as signature) | Witness Address/Contact Information | Date |
|---|---|---|---|

**Warning**   Any person who knowingly falsifies information may be guilty of a Class C Felony, punishable by up to 5 years of imprisonment and/or $10,000 fine.

Page 4

**Notice:** The office at which a person registers to vote is confidential. A person's declination to register to vote is also confidential and is used for voter registration purposes only as mandated by the National Voter Registration Act of 1993.