JEANNE H. RAYPHAND
Box 502020
Saipan, MP 96950
    Telephone Nos.:  (670) 287-9807
    E-Mail:         jeanneesq@yahoo.com

Attorney for Plaintiff


## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS


| | |
|---|---|
| JOHN H. DAVIS, JR., ] | CIVIL ACTION NO.  14-0002 |
| ] | |
|         Plaintiff, ] | |
| ] | |
|     vs. ] | |
| ] | MOTION FOR |
| COMMONWEALTH ELECTION ] | SUMMARY JUDGMENT |
| COMMISSION; FRANCES M. SABLAN, ] | |
| Chairperson of Commonwealth Election ] | |
| Commission; ROBERT A. GUERRERO, ] | Hearing:  March 20, 2014 |
| Executive Director of Commonwealth ] |               1:30 p.m. |
| Election Commission; ELOY INOS, ] | |
| CNMI Governor ] | |
| ] | |
|         Defendants. ] | |
| _____ ] | |

TABLE OF CONTENTS

TABLE OF AUTHORITIES

I.      UNDISPUTED FACTS                                                        1

        Article XVIII(5)( c) of the Commonwealth Constitution                   2

        Public Law 17-40                                                        2

        Denial of Right to Vote                                                 3

        Irreparable Injury                                                      5

        Under Color of State Law                                               5


II.     PLAINTIFF IS ENTITLED TO JUDGMENT
        AS A MATTER OF LAW                                                      6

        A.  ARTICLE XVIII(5)( c)
            VIOLATES THE FIFTEENTH AMENDMENT
            OF THE UNITED STATES CONSTITUTION                                   6

        B.  ARTICLE XVIII(5)( c)
            VIOLATES THE FOURTEENTH AMENDMENT
            OF THE UNITED STATES CONSTITUTION                                   11

        C.  PUBLIC LAW 17-40
            VIOLATES THE FIFTEENTH AMENDMENT
            OF THE UNITED STATES CONSTITUTION                                   14

        D.  PUBLIC LAW 17-40
            VIOLATES THE FOURTEENTH AMENDMENT
            OF THE UNITED STATES CONSTITUTION                                   16

E.  ARTICLE XVIII(5)( c) AND PUBLIC LAW 17-40
     VIOLATE 42 USC § 1971(a)          17

F.  THE ACTS OF DEFENDANTS SABLAN AND GUERRERO
     VIOLATE 42 USC § 1971(a)(2)        18

G.  VIOLATION OF CIVIL RIGHTS ACT
     42 U.S.C. § 1983        20

H.  TAXPAYER'S ACTION
     COMMONWEALTH CONSTITUTION ART. X § 9    22

CONCLUSION        23

# TABLE OF AUTHORITIES

**COVENANT TO ESTABLISH A COMMONWEALTH
OF THE NORTHERN MARIANA ISLANDS IN
POLITICAL UNION WITH THE UNITED STATES:**

    Section 501(a)                                    6, 11

**UNITED STATES CONSTITUTION:**

    Fourteenth Amendment                       11

    Fifteenth Amendment                         6

**COMMONWEALTH CONSTITUTION:**

    Article VII                                   2, 17

    Article X § 9                               22

    Article XII                                   7

    Article XVIII(5)( c)                      6

**STATUTES:**

    28 USC § 2201                              1

    28 USC § 2202                              1

    42 U.S.C. § 1971(a).                    17

    42 U.S.C. § 1971(a)(2)               18

42 U.S.C. § 1971(a)(3)(A)                                    19

42 USC § 1971(e)                                            18

42 U.S.C. § 1983                                            10, 13, 15, 17
                                                           18, 20, 21


PL 17-40                                                   14, 15


**REGULATIONS:**

Commonwealth Register, Vol. 33, No. 09,
    pp. 031918 et seq. (Sept. 26, 2011)                    19

Commonwealth Register, Vol. 33, No. 11,
    pp. 032090 et seq. (Nov. 29, 2011)                     19


**COURT RULES:**

Fed. R. Civ. P. 56(a)                                       1

Fed. R. Civ. P. 57                                          1


**CASES:**

*Anderson v. Liberty Lobby, Inc.,*                          1
    477 U.S. 242, 106 S.Ct. 2505,
    91 L.Ed. 2d (1986)

*Charfauros v. Board of Elections,*                        12, 13
    1998 MP 16, 5 N.M.I.188 (1998),
    *aff'd* 249 F.3d 941 (9th Cir. 2001)

*Dunn v. Blumstein,* 405 U.S. 330 (1972)                   11

*Guinn v. U.S.*, 238 U.S. 347 (1915)                        8

*Hernandez v. Texas,* 347 U.S. 475 (1954)                  12

*Hill v. Stone*, 421 U.S. 289 (1975.                       11, 12, 13

*Hirabayashi v. United States*, 320 U.S. 81 (1943)                          16

*Kramer v. Union Free School Dist. No. 15,* 395 U.S. 621 (1969)            11, 13, 16

*Mafnas v. Commonwealth,* 2 N.M.I. 248, 261-263 (1991)                     22

*Rice v. Cayetano.* 528 U.S. 495 (2000)                                    7-10, 15, 16

*Saint Francis College v. Al-Khazraji*, 481 U.S. 604 (1987)               9, 11

*Smith v. Allright*, 321 U.S.  649 (1944)                                   8

*South Carolina v. Katzenbach*, 383 U.S. 301 (1966)                        6

*Terry v. Adams*, 345 U.S. 461 (1953)                                       8

*Wabol v. Villacrusis,* 958 F.2D 1450 (9th Cir. 1992).                      7

## MOTION FOR SUMMARY JUDGMENT

Plaintiff moves for summary judgment in plaintiff's favor pursuant to Rule 56(a) of the Federal Rules of Civil Procedure on the grounds that there is no genuine issue as to any material fact and the plaintiff is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed. 2d (1986).

"In the case of actual controversy within its jurisdiction . . ., any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 USC § 2201. *See also* 28 USC § 2202; Fed. R. Civ. P. 57.

As set forth below, plaintiff is entitled to declaratory and injunctive relief against defendants pursuant to 42 U.S.C. § 1983 for deprivation of his rights secured by the Fourteenth and Fifteenth Amendments of the United States Constitution and 42 U.S.C. § 1971.

## I.

## UNDISPUTED FACTS

1. Plaintiff John H. Davis, Jr., is a United States citizen and resident of the Commonwealth of the Northern Mariana Islands.  Plaintiff's Declaration, ¶ 2.

2. Plaintiff is a  registered voter in the Commonwealth of the Northern Marianas Islands. Plaintiff's Declaration, ¶ 2.

3. Plaintiff is  not a person of Northern Marianas descent. Plaintiff's Declaration, ¶ 3.

4. Plaintiff is eligible to vote pursuant to Article VII § 1 of the Commonwealth

1

Constitution. Plaintiff's Declaration, ¶ 4.

5. Plaintiff is a taxpayer in the Commonwealth of the Northern Mariana Islands.
Plaintiff's Declaration, ¶ 6.

### Voter Eligibility

6. The Commonwealth Constitution establishes the qualifications of persons eligible to
vote as follows:

> [a] person is eligible to vote who, on the date of the election, is eighteen
> years of age or older, is domiciled in the Commonwealth, is a resident of
> the Commonwealth and has resided in the Commonwealth for a period of
> time provided by law, is not serving a sentence for a felony, has not been
> found by a court to be of unsound mind, and is either a citizen or national
> of the United States. The legislature may require that persons eligible to
> vote be citizens of the United States.

Commonwealth Const. art. VII § 1.

7. The Legislature, pursuant to Article VII § 1 of the Commonwealth Constitution,
enacted law, i.e., 1 CMC § 6201, setting forth the requirements for a person's eligibility to vote
consistent with Article VII § 1.


### Article XVIII § 5( c) of the Commonwealth Constitution

8. Article XVIII § 5 ( c) was added to the Commonwealth Constitution by Senate
Legislative Initiative 11-1. Complaint, Exhibit A. Answer, ¶ 14.

9. Article XVIII § 5 ( c) limits eligible voters to persons of Northern Marianas descent in

2

the case of a proposed amendment to Article XII of the Commonwealth Constitution.  Answer, ¶ 15.

10.  Article XVIII § 5( c) disenfranchises plaintiff and other United States citizens who are not of Northern Marianas descent from voting on any proposed amendment to Article XII of the Commonwealth Constitution.  Answer, ¶ 15.

## Public Law 17-40

11.  Public Law 17-40 [Exhibit B] was intended to restrict voting on any amendment to the Commonwealth Constitution regarding land alienation to "only" persons of Northern Marianas descent, i.e., persons of Northern Marianas Chamorro and Carolinian descent.  Answer, ¶ 22.

12.  As a part of the scheme to deny United States citizens who are not Chamorro or Carolinian the right to vote, the Legislature established "a Northern Marianas Descent Registry." Answer, ¶ 23.

## Denial of Right to Vote

13.  As a result of Article XVIII § 5( c) and Public Law 17-40, plaintiff and other United States citizens who are not of Northern Marianas descent are disenfranchised and will be denied the right to vote on any proposed amendment to the Commonwealth Constitution regarding the regulation of the alienation of permanent and long-term interests in real property and Article XII of the Commonwealth Constitution.  Answer, ¶ 27

14.  A proposed amendment to the Commonwealth Constitution regarding Article XII of

3

the Commonwealth Constitution will be decided in the November 2014 election or sooner if a special election is scheduled prior to November 2014.  Answer, ¶ 31.

15.   Legislative Initiative 18-1 [Complaint, Exhibit C] to amend Article XII Section 4 of the Commonwealth Constitution is set to be on the ballot in the upcoming general election in November 2014.  Answer, ¶ 33

16.   The defendants intend to enforce Article XVIII § 5( c) and Public Law 17-40 and thus deny plaintiff and other United States citizens not of Northern Marianas descent the right to vote as shown by the regulations they have promulgated and the ongoing processing of voter registration for persons of Northern Marianas descent.  Complaint, Exhibits D & E.  Answer, ¶ 34.

17.  If Article XVIII(5)( c) and Public Law 17-40 are allowed to stand, plaintiff will be denied the right to vote on a public issue, i.e., an amendment to the Commonwealth Constitution.  Answer, ¶ 37.

18.  Defendants have issued final regulations pursuant to Public Law 17-40.  Complaint, Exhibit D.  Answer, ¶ 35,

19.  Defendants have established a registration system for persons of Northern Marianas descent. *See* Complaint, Exhibit E.  Answer, ¶ 36.

20.  Based on Article XVIII § 5( c), Public Law 17-40, and the regulations promulgated thereunder and based on the actions of the defendants in processing the registration of persons of Northern Marianas descent, plaintiff is being and will continue to be denied the right to vote on public

4

issues, i.e., an amendment of the Commonwealth Constitution, because he is not of Northern Marianas descent.  Answer, ¶ 37.

<b>Irreparable Injury</b>

21.  The denial of plaintiff's right to vote will result in irreparable injury.

22.  The denial of plaintiff's right to vote is a deprivation of plaintiff's civil rights.

23.  Plaintiff has no adequate remedy at law and is therefore entitled to injunctive relief.

<b>Under Color of State Law</b>

24.  Each and all of the acts of defendants alleged herein were done by defendants under color of state law.  Answer, ¶ 10.

## II.

## PLAINTIFF IS ENTITLED TO JUDGMENT
## AS A MATTER OF LAW

### A.

### ARTICLE XVIII(5)( c)
### VIOLATES THE FIFTEENTH AMENDMENT
### OF THE UNITED STATES CONSTITUTION

The Fifteenth Amendment of the United States Constitution states that "[t]he right of

citizens of the United States to vote shall not be denied or abridged by the United States or by

any State on account of race, color, or previous condition of servitude."

"This declaration has always been treated as self-executing, and has repeatedly been

construed, without further legislative specification, to invalidate state voting qualifications or

procedures which are discriminatory on their face or in practice. [citations omitted]." *South*

*Carolina v. Katzenbach*, 383 U.S. 301, 325 (1966).

The Fifteenth Amendment of the United States Constitution is applicable within the

Northern Mariana Islands as if the Northern Mariana Islands were one of the several states.

Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with

the United States of America [hereinafter "Covenant"], Section 501(a).

In 1999, Article XVIII § 5 ( c) was added to the Commonwealth Constitution by Senate

Legislative Initiative 11-1 (1999).   Complaint, Exhibit A.

Article XVIII § 5 ( c) states that "[i]n the case of a proposed amendment to Article XII of

this Constitution, the word 'voters" as used in subsection 5(a) above shall be limited to eligible

voters under Article VII who are also persons of Northern Marianas descent as described in

Article XII Section 4, and the term 'votes cast' as used in subsection 5(b) shall mean the votes cast by such voters."

> Article XII § 4 defines a "person of Northern Marianas descent" as a person who is a citizen or national of the United States and who is of at least one-quarter Northern Marianas Chamorro or Northern Marianas Carolinian blood or a combination thereof or an adopted child of a person of Northern Marianas descent if adopted while under the age of eighteen years. For purposes of determining Northern Marianas descent, a person shall be considered to be a full-blooded Northern Marianas Chamorro or Northern Marianas Carolinian if that person was born or domiciled in the Northern Marianas Islands by 1950 and was a citizen of the Trust Territory of the Pacific Islands before the termination of the Trusteeship with respect to the Commonwealth.

Commonwealth Const. art. XII § 4.

Article XII § 4 of the Commonwealth Constitution creates a race-based definition of Northern Marianas descent. *See Wabol v. Villacrusis,* 958 F.2D 1450 (9th Cir. 1992).

In *Rice v. Cayetano*, the United States Supreme Court considered the constitutionality of a limitation of the right to vote wherein the right to vote was limited to "Hawaiians." "Hawaiians" were defined as "any descendant of the aboriginal peoples inhabiting the Hawaiian Islands which exercised sovereignty and subsisted in the Hawaiian Islands in 1778, and which people thereafter have continued to reside in Hawaii." *Rice v. Cayetano*. 528 U.S. 495, 509 (2000). The United States Supreme Court held that denying plaintiff who was not "Hawaiian"

the right to vote violated the Fifteenth Amendment of the United States Constitution.  *Rice v. Cayetano*, 528 U.S. 495, 511-524 (2000)

"The National Government and the States may not violate a fundamental principle: They may not deny or abridge the right to vote on account of race." *Rice v.  Cayetano*, 528 U.S. 495, 512 (2000).

The Fifteenth Amendment of the United States Constitution "reaffirm[s] the equality of races at the most basic level of the democratic process, the exercise of the voting franchise." *Rice v. Cayetano*, 528 U.S.495, 512 (2000),

"The Fifteenth Amendment was quite sufficient to invalidate a scheme which did not mention race but instead used ancestry in an attempt to confine and restrict the voting franchise." *Rice v. Cayetano*, 528 U.S.495, 513 (2000), citing *Guinn v. U.S.*, 238 U.S. 347, 364-365 (1915), and it sufficed to strike down white primary cases "designed to exclude one racial class (at least) from voting." *Rice v. Cayetano*, 528 U.S.495, 513-514  (2000), citing *Terry v. Adams*, 345 U.S. 461, 469-479 (1953) and *Smith v. Allright*, 321 U.S.  649, 663-666 (1944).

The Fifteenth Amendment "establishes a national policy . . . not to be discriminated against as voters in elections to determine public governmental policies . . . ." *Rice v. Cayetano*, 528 U.S.495, 514 (2000), quoting *Terry v. Adams*, 345 U.S. 461, 467 (1953).

The Fifteenth Amendment applies to "'any election in which public issues are decided.'" *Rice v. Cayetano*, 528 U.S.495, 522 (2000), quoting *Terry v. Adams*, 345 U.S. at 468 (1953).

Any proposed amendment of the Commonwealth Constitution is a public issue on which all voters, whether of Northern Marianas descent or not, have the right to decide.

As in the case of *Rice v. Cayetano,* "the voting structure now before us is neither subtle

8

nor indirect." *See Rice v. Cayetano*, 528 U.S.495, 514 (2000).  Article XVIII(5)( c) "is specific in granting the vote to persons of a defined ancestry and to no others." *See Rice v. Cayetano*, 528 U.S.495, 514 (2000).

"Ancestry can be a proxy for race." *Rice v. Cayetano*, 528 U.S.495, 514 (2000).  And, as in the *Rice v. Cayetano* case, "[i[t is that proxy here." *See Rice v. Cayetano*, 528 U.S.495, 514 (2000).

"In the interpretation of the Reconstruction era civil rights laws we have observed that 'racial discrimination' is that which singles out 'identifiable classes of persons . . . solely because of their ancestry or ethnic characteristics." *Rice v. Cayetano*, 528 U.S.495, 515 (2000), quoting *Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 613 (1987).[1]

The very object of Article XVIII(5)( c) and Public Law 17-40 is to treat early Carolinians and Chamorro people "as a distinct people, commanding their own recognition and respect." *See Rice v. Cayetano*, 528 U.S.495, 515 (2000).

"One of the principal reasons race is treated as a forbidden classification is that it demeans the dignity and worth of a person to be judged by ancestry instead of by his or her own merit and essential qualities." *Rice v. Cayetano*, 528 U.S.495, 517 (2000).

The ancestral inquiry mandated by Article XVIII and Public Law 17-40 "is corruptive of the whole legal order democratic elections seek to preserve.  The law itself may not become the instrument for generating the prejudices and hostility all too often directed against persons whose particular ancestry is disclosed by their ethnic characteristics and cultural traditions." *Rice v.*

---

[1] *See Saint Francis College v. Al-Khazraji,* 481 U.S. 604 (1987), for discussion by the United States Supreme Court on the meaning of "race" and "racial discrimination."

9

*Cayetano,* 528 U.S.495, 517 (2000).

"Race cannot qualify some and disqualify others from full participation in our democracy." *Rice v. Cayetano*, 528 U.S.495, 523 (2000).

Article XVIII(5)( c) of the Commonwealth Constitution uses "Northern Marianas descent" and ancestry as a racial definition and for a racial purpose.

The Article XVIII(5)( c)  restriction imposes a race-based voting qualification and denies and abridges the right of plaintiff and other United States citizens who are not of Chamorro or Carolinian descent to vote on account of race.

Article XVIII(5)( c) violates the Fifteenth Amendment of the United States Constitution.

Defendants, under color of state law, have subjected and continue to subject plaintiff to the deprivation of his right to vote secured by the Fifteenth Amendment of the United States Constitution.  42 U.S.C. § 1983.

Plaintiff is entitled to summary judgment against defendants declaring that Article XVIII(5)( c) of the Commonwealth Constitution violates the Fifteenth Amendment of the United States Constitution and enjoining defendants from denying plaintiff and other United States citizens who are not Northern Marianas descent the right to vote.  42 U.S.C. § 1983.

**B.**

### ARTICLE XVIII(5)( c)
### VIOLATES THE FOURTEENTH AMENDMENT
### OF THE UNITED STATES CONSTITUTION

The Fourteenth Amendment of the United States Constitution states that "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

The United States Supreme Court in *Saint Francis College v. Al-Khazraji,* 481 U.S. 604, 607 fn. 5 (1987) noted "that under prior cases, discrimination by States on the basis of ancestry violates the Equal Protection Clause of the Fourteenth Amendment" [citations omitted].

The Fourteenth Amendment of the United States Constitution is applicable within the Northern Mariana Islands as if the Northern Mariana Islands were one of the several states. Covenant, Section 501(a).

"[I]f a challenged statute grants the right to vote to some *bona fide* residents of requisite age and citizenship and denies the franchise to others, the Court must determine whether the exclusions are necessary to promote a compelling state interest.' [citations omitted]." *Kramer v. Union Free School Dist. No. 15,* 395 U.S. 621, 627 (1969); *Dunn v. Blumstein,* 405 U.S. 330, 337 (1972).

"[I]n an election of general interest restrictions on the franchise other than residence, age, and citizenship must promote a compelling state interest in order to survive constitutional attack." *Hill v. Stone*, 421 U.S. 289, 295 (1975), citing *Kramer v. Union Free School Dist. No. 15*, 395 U.S. 621 (1969).

11

Article XVIII(5)( c) and Public Law 17-40 "erect[] a classification that impermissibly disenfranchises persons otherwise qualified to vote," solely on the basis of race and the date they or their ancestors were living in the Commonwealth, and violate the Equal Protection Clause of the Fourteenth Amendment. *See Hill v. Stone*, 421 U.S. 289, 300 (1975). *See also Hernandez v. Texas,* 347 U.S. 475, 479 (1954) ("exclusion of otherwise eligible persons from jury service solely because of their ancestry or national origin is discrimination prohibited by the Fourteenth Amendment").

The Commonwealth Supreme Court has held that the right to vote is a fundamental right in the Commonwealth of the Northern Mariana Islands. *Charfauros v. Board of Elections,* 1998 MP 16, 5 N.M.I. 188 (1998), *aff'd* 249 F.3d 941 (9th Cir. 2001).

> The right to vote in a Commonwealth election is a fundamental right of
> citizenship and restrictions placed on that right are protected by the Equal
> Protection Clause of the Fourteenth Amendment to the United States
> Constitution and by Article I, Section 6 of the Commonwealth
> Constitution.

*Charfauros v. Board of Elections,* 1998 MP 16, 5 N.M.I. 188, 197 ¶ 40 (1998).

The United States Court of Appeals affirmed the Commonwealth Supreme Court and further stated:

> [i]n addition to being guaranteed the right to vote, every United States
> "citizen has a constitutionally protected right to participate in elections on
> an equal basis with other citizens in the jurisdiction." *Dunn*, 405 U.S. at
> 336.

12

*Charfauros v. Board of Elections,* 1998 MP 16, 5 N.M.I. 188 (1998), *aff'd* 249 F.3D 941 (9ᵗʰ Cir. 2001).

The Commonwealth has no compelling interest in dividing its United States citizens into two classes based on race and discriminating against those United States citizens of one class and favoring those in the other. *See Hill v. Stone,* 421 U.S. 289, 290-291 (1975).

The Commonwealth has no compelling interest in dividing its United States citizens into two classes based on whether they or their ancestors were born or domiciled in the Northern Mariana Islands prior to 1950 and denying the right to vote to citizens of one class and granting the right to vote to the other class.

Article XVIII(5)( c) of the Commonwealth Constitution denies the equal protection of the laws to plaintiff and other United States citizens who are not of Chamorro or Carolinian descent.

Article XVIII(5)( c) violates the Fourteenth Amendment of the United States Constitution. *See Kramer v. Union Free School Dist. No. 15*, 395 U.S. 621 (1969).

Defendants, under color of state law, have subjected and continue to subject plaintiff to the deprivation of his right to equal protection secured by the Fourteenth Amendment of the United States Constitution.  42 U.S.C. § 1983.

Plaintiff is entitled to summary judgment against defendants declaring that Article XVIII(5)( c) of the Commonwealth Constitution violates the Fourteenth Amendment of the United States Constitution and enjoining defendants from denying plaintiff and other United States citizens who are not Northern Marianas descent the right to vote.  42 U.S.C. § 1983.

13

C.

**PUBLIC LAW 17-40**
**VIOLATES OF THE FIFTEENTH AMENDMENT**
**OF THE UNITED STATES CONSTITUTION**

Plaintiff incorporates herein the arguments set forth above in Sections A & B.

By enacting Public Law 17-40, the Legislature intended that "only" persons of Northern Marianas descent, i.e., persons of Northern Marianas Chamorro and Carolinian descent, be allowed to vote on any constitutional amendment affecting the protection against alienation of lands.  Public Law 17-40 § 1;  *see also* Public Law 17-40 § 2 ( c)(1) ("official registry of persons of Northern Marianas descent in any and all elections . . . that requires only persons of Northern Marianas descent to vote in any election pursuant to the said article XVIII § 5 of the Northern Mariana Islands Constitution . . . .").  *See* Exhibit B.

As a part of the scheme to deny United States citizens who are not Chamorro or Carolinian the right to vote, the Legislature established "a Northern Marianas Descent Registry," Public Law 17-40 § 2, and further provided that the Election Commission may require a "copy of the original birth record showing the natural parents or ancestors of the person registering" and further that "[s]uch birth record shall identify the nationality and race of the parents, i.e., NMD Chamorro or Carolinian or part NMD, etc., " Public Law 17-40 § 2( c)(5).  *See* Exhibit B.

The purpose of Public Law 17-40 is the "establishment and control of the registry of persons of Northern Marianas descent within the Office of the Commonwealth Election Commission," Public Law 17-40 § 1, and specifically to insure that "only" persons of Northern Marianas Chamorro and Carolinian descent "can vote on Constitutional amendments affecting the protection against alienation of lands," Public Law 17-40 § 1, and  to be used "in any and all

14

elections . . . that requires only persons of Northern Marianas descent to vote in such election pursuant to Article XVIII § 5 of the Northern Marianas Constitution." Public Law 17-40 § 2( c)(1). *See* Exhibit B.

The Commonwealth Legislature, in enacting Public Law 17-40, used ancestry as a racial definition and for a racial purpose.

The Legislature, in enacting Public Law 17-40, established a race-based registry for the purpose of disenfranchising United States citizens who are not of Chamorro or Carolinian descent.

Public Law 17-40 denies and abridges the voting right of plaintiff and other United States citizens who are not of Chamorro or Carolinian descent on account of race. *See Rice v. Cayetano*, 528 U.S. 495 (2000).

Public Law 17-40 violates the Fifteenth Amendment of the United States Constitution. *See Rice v. Cayetano*, 528 U.S. 495 (2000).

Defendants, under color of state law, have subjected and continue to subject plaintiff to the deprivation of his right to vote secured by the Fifteenth Amendment of the United States Constitution. 42 U.S.C. § 1983.

Plaintiff is entitled to summary judgment against defendants declaring that Public Law 17-40 violates the Fifteenth Amendment of the United States Constitution and enjoining defendants from denying plaintiff and other United States citizens who are not Northern Marianas descent the right to vote. 42 U.S.C. § 1983.

**D.**

## PUBLIC LAW 17-40
### VIOLATES THE FOURTEENTH AMENDMENT
### OF THE UNITED STATES CONSTITUTION

Plaintiff incorporates herein the arguments set forth above in Sections A, B & C.

"An inquiry into ancestral lines is not consistent with respect based on the unique personality each of us possesses, a respect the Constitution itself secures in its concerns for persons and citizens"    *Rice v. Cayetano,* 528 U.S. 495, 517 (2000)

"Distinctions between citizens solely because of their ancestry are by their very nature odious to a free people whose institutions are founded upon the doctrine of equality." *Rice v. Cayetano*, 528 U.S. 495, 517 (2000), quoting *Hirabayashi v. United States*, 320 U.S. 81, 100 (1943).

Public Law 17-40 denies the equal protection of the laws to plaintiff and other United States citizens who are not of Chamorro or Carolinian descent.

The Commonwealth has no compelling interest in dividing its citizens into two classes based on race and discriminating against those citizens in one class and favoring those in the other.

The Commonwealth has no compelling interest in dividing its United States citizens into two classes based on whether they or their ancestors were born or domiciled in the Northern Mariana Islands prior to 1950 and denying the right to vote to citizens of one class and granting the right to vote to the other class.

Public Law 17-40 violates the Fourteenth Amendment of the United States Constitution. *See Kramer v. Union Free School Dist. No. 15,* 395 U.S. 621 (1969).

Defendants, under color of state law, have subjected and continue to subject plaintiff to the deprivation of his right to equal protection secured by the Fourteenth Amendment of the United States Constitution.  42 U.S.C. § 1983.

Plaintiff is entitled to summary judgment against defendants declaring that Public Law 17-40 violates the Fourteenth Amendment of the United States Constitution and enjoining defendants from denying plaintiff and other United States citizens who are not Northern Marianas descent the right to vote.  42 U.S.C. § 1983.

**E.**

**ARTICLE XVIII(5)( c) AND PUBLIC LAW 17-40
VIOLATE 42 U.S.C. § 1971(a)**

Plaintiff incorporates herein the arguments set forth above in Sections A and C.

42 U.S.C. § 1971(a),  provides the following:

(1) All citizens of the United States who are otherwise qualified by law

to vote at any election by the people in any State, Territory, district . . . or

other territorial subdivision, shall be entitled and allowed to vote at all

such elections, without distinction of race, color, or previous condition of

servitude; any constitution, law, custom, usage, or regulation of any State

or Territory, or by or under its authority, to the contrary notwithstanding.

Plaintiff is a registered voter and  is qualified by law to vote at any election by the people in the Commonwealth.  *See* Commonwealth Constitution, art. VII.   However, as discussed and

17

set forth above, Article XVIII(5)( c) and Public Law 17-40 deny plaintiff the right to vote on account of race in any election regarding any proposal regarding land alienation and amendment to Article XII of the Commonwealth Constitution.

Article XVIII(5)( c) and Public Law 17-40 violate 42 U.S.C. § 1971(a)(1).

Defendants, under color of state law, have subjected and continue to subject plaintiff to the deprivation of his right to vote secured by 42 U.S.C. § 1971(a)(1).  42 U.S.C. § 1983.

Plaintiff is entitled to summary judgment against defendants declaring that Article XVIII(5)( c)  of the Commonwealth Constitution and Public Law 17-40 violate 42 U.S.C. § 1971(a)(1) and enjoining defendants from denying plaintiff and other United States citizens who are not Northern Marianas descent the right to vote.  42 U.S.C. § 1983.


## F.

## THE ACTS OF DEFENDANTS SABLAN AND GUERRERO VIOLATE 42 U.S.C. § 1971(a)(2)

42 U.S.C. § 1971(a)(2),  provides the following:

No person acting under color of law shall -

(A) in determining whether any individual is qualified under State law or laws to vote in any election, apply any standard, practice, or procedure different from the standards, practices, or procedures applied under such law or laws to other individuals who have been found by State officials to be qualified to vote; . . . .

The term "vote" "includes "all action necessary to make a vote effective including, but

not limited to, registration or other action required by State law prerequisite to voting, casting a ballot, or having such ballot counted and included in the appropriate totals of votes case with respect to . . . propositions for which votes are received in an election . . . ."  42 U.S.C. § 1971(a)(3)(A); 42 USC § 1971(e).

Defendants Sablan and Guerrero have applied voting standards and procedures in a discriminatory fashion which results in denying plaintiff and other persons not of Northern Marianas descent  the right to register and vote in any election regarding any proposed amendment to Article XII of the Commonwealth Constitution  in violation of 42 U.S.C. § 1971(a)(2).

The defendants intend to enforce Article XVIII(5)( c) and Public Law 17-40, Answer ¶ 34, and thus deny plaintiff and other United States citizens not of Northern Marianas descent the right to vote as shown by the regulations they have promulgated and the ongoing processing of voter registration for persons of Northern Marianas descent. *See* Exhbits C & D.

Defendants have issued final regulations pursuant to Public Law 17-40.  Commonwealth Register, Vol. 33, No. 09, pp. 031918 et seq. (Sept. 26, 2011); Commonwealth Register, Vol. 33, No. 11, pp. 032090 et seq. (Nov. 29, 2011). *See* Exhibit D.

Defendants has established a registration system for persons of Northern Marianas descent. *See* Commonwealth Register, Vol. 33, No. 09, pp. 031918 et seq. (Sept. 26, 2011); Commonwealth Register, Vol. 33, No. 11, pp. 032090 et seq. (Nov. 29, 2011). *See* Exhibit D.

The acts of the defendants Sablan and Guerrero as set forth above, including but not limited to the promulgation of the  regulations pursuant to Article XVIII(5)( c) and Public Law 17-40, the registering of voters limited to persons of Northern Marianas descent for elections

19

pursuant to Article XVIII(5)( c) of the Commonwealth Constitution and Public Law 17-40, and establishing a Northern Marianas descent registry, violate 42 U.S.C. § 1971(a)(2).

Defendants, under color of state law, have subjected and continue to subject plaintiff to the deprivation of his right to vote in violation of 42 U.S.C. § 1971(a)(2). 42 U.S.C. § 1983.

Plaintiff is entitled to summary judgment against defendants (1) declaring defendants Guerrero and Sablan have violated 42 U.S.C. § 1971(1)(2) and have violated the civil rights of plaintiff and (2) enjoining defendants Guerrero and Sablan from administering and enforcing Article XVIII § 5( c) and Public Law 17-40 and from denying plaintiff and other United States citizens who are not Northern Marianas descent the right to vote. 42 U.S.C. § 1983.

## G.

## VIOLATION OF CIVIL RIGHTS ACT

## 42 U.S.C. § 1983

Plaintiff incorporates herein the arguments set forth above in Sections A-F.

The Civil Rights Act, 42 U.S.C. § 1983, provides the following:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, . . . .

20

The acts of defendants Sablan and Guerrero, as set forth above, including but not limited to, the promulgation of regulations pursuant to Public Law 17-40, the registering of voters limited to persons of Northern Marianas descent for elections pursuant to Article XVIII(5)( c) of the Commonwealth Constitution and Public Law 17-40, and establishing a Northern Marianas descent registry, deprive plaintiff of the rights secured by the Fourteenth and Fifteenth Amendments of the United States Constitution, 42 U.S.C. §§ 1971(a)(1) & 1971(a)(2), and violate 42 U.S.C. § 1983.

By depriving plaintiff of his rights secured by the Constitution and the laws, as set forth above, defendants Sablan and Guerrero have violated 42 U.S.C. § 1983.

Defendants Sablan and Guerrero, under color of state law, have subjected and continue to subject plaintiff to the deprivation of his rights secured by the Constitution and the laws in violation of  42 U.S.C. § 1983.

Plaintiff is entitled to summary judgment against defendants (1) declaring defendants Guerrero and Sablan have violated the civil rights of plaintiff and (2) enjoining defendants Guerrero and Sablan from administering and enforcing Article XVIII § 5( c) and Public Law 17-40 and  from denying plaintiff and other United States citizens who are not Northern Marianas descent the right to vote.  42 U.S.C. § 1983.

21

## H.

## TAXPAYER'S ACTION

## COMMONWEALTH CONSTITUTION ART. X § 9

Plaintiff incorporates here the arguments set forth above.

Article X § 9 of the Commonwealth Constitution provides that

> [a] taxpayer may bring an action against the government or one of its
>
> instrumentalities in order to enjoin the expenditure of public funds for
>
> other than public purposes or for breach of fiduciary duty. The court shall
>
> award costs and attorney fees to any person who prevails in such an action
>
> in a reasonable amount relative to the public benefit of the suit.

Plaintiff is a taxpayer in the Commonwealth of the Northern Mariana Islands and brings

this action to enjoin the expenditure of public funds for other than a public purpose, i.e., the

administering and enforcement of Article XVIII § 5( c) and Public Law 17-40. *See Mafnas v.*

*Commonwealth,* 2 N.M.I. 248, 261-263 (1991).

The expenditure of funds for the purpose of administering and enforcement of Article

XVIII § 5( c) and Public Law 17-40 is not for a public purpose, and plaintiff and all other

taxpayers of the Commonwealth of the Northern Mariana Islands are and will continue to be

damaged by such unlawful expenditure of public funds and taxes illegally exacted from plaintiff

and other taxpayers of the Commonwealth.

Plaintiff and other taxpayers of the Commonwealth of the Northern Mariana Islands

similarly situated have no plain, specific or adequate remedy at law and will suffer irreparable

loss if defendants are not restrained from proceeding to expend money to administer and enforce

22

Article XVIII § 5( c) and Public Law 17-40 and will be threatened with the imposition of unlawful taxes, burdens, and charges as a result.

Plaintiff is entitled to summary judgment enjoining defendants from administering and enforcing Article XVIII § 5( c) of the Commonwealth Constitution and Public Law 17-40 and from expending public moneys to administer and enforce Article XVIII § (5)( c) and Public Law 17-40.

## CONCLUSION

Based on the law and facts set forth herein, plaintiff is entitled to summary judgment as follows:

1. Declaring that Article XVIII § 5( c) of the Commonwealth Constitution violates Fourteenth and Fifteenth Amendments to the United States Constitution and is therefore invalid, null and void;

2. Declaring that Public Law 17-40 violates the Fourteenth and Fifteenth Amendments to the United States Constitution and is therefore invalid, null and void;

3. Declaring that defendants Francis M. Sablan and Robert A. Guerrero have violated the civil rights of the plaintiff;

4. Declaring that Article XVIII § (5)( c) and Public Law 17-40 violate 42 U.S.C. § 1971(a);

5. Declaring that defendants Guerrero and Sablan have violated 42 U.S.C. § 1971(a)(2);

6. Permanently enjoining defendants from denying plaintiff and other United States citizens who are not Northern Marianas descent the right to vote;

23

7.  Permanently enjoining defendants from administering and enforcing Article XVIII §

5( c) and Public Law 17-40;

8.  Permanently enjoining defendants from expending public moneys to administer and

enforce Article XVIII § 5( c) and Public Law 17-40; and

9.  Awarding plaintiff his costs, including reasonable attorney's fees.

Respectfully submitted,

JEANNE H. RAYPHAND
Attorney for Plaintiff    F 0166

24